## FABRIC FIRE HOSE CO. v. TOWN OF CADDO et al.

No. 7335—Opinion Filed June 6, 1916.
(158 Pac. 350.)

1. Appeal and Error—Failure to File Brief
—Reversal.

Where plaintiff in error has filed his brief in accordance with the rules of this court and the defendant has filed no brief, and the plaintiff's brief appears to fairly sustain the assignments of error, the cause may be reversed

2. Municipal Corporations—Action for Material Furnished—Burden of Proof—Illegality of Contract.

Where plaintiff sues upon a claim against a municipality for material furnished, and proves his contract and delivery of the material to the municipality, and that the debt therefor is due and unpaid, he makes a prima facie case, and the burden of proof is then upon the municipality to establish that the debt was illegaly contracted.

(Syllabus by Burford, C.)

Error from District Court Bryan County; Jesse M. Hatchett, Judge.

Action by the Fabric Fire Hose Company against the town of Caddo and others. Judgment for defendants, and plaintiff brings error. Reversed.

A. C. Markley, for plaintiff in error.

Opinion by BURFORD, C. This was an action by the Fabric Fire Hose Company, a corporation, against the town of Caddo, and others, to recover the sum of $1,090 and interest upon a written contract for the sale of certain fire hose and hose carts. A cause of action was also alleged against the individual defendants upon an alleged guaranty. The plaintiff's petition alleged the execution of the contract and the delivery of the goods, and that they were all received. It further alleges that a warrant for $450, as part payment, was issued by the town of Caddo after the delivery of the goods, but that payment thereof was refused by the treasurer, and that the plaintiff had received nothing for its property. The individual defendants demurred to the petition, which demurrer was overruled, and then answered, incorporating their demurrer in their answer, and also setting up a general denial. Upon the trial a demurrer to the evidence on behalf of the individual defendants was sustained, and it is admitted that in this respect the judgment of the court was correct. They are therefore out of the case. The town of Caddo answered, first, by a general denial, and, second, by alleging that a compromise had been effected for the sum of $700 and interest and costs, and offering to confess judgment in that amount. The plaintiff accepted this offer for confession of judgment, and when the case was called moved for judgment on the pleadings, which was by the trial court overruled. Upon the trial the plaintiff proved the delivery of the hose. The written contract of purchase was not denied under oath. There was no contention that any part of the goods of the plaintiff had ever been paid for. There was also considerable evidence offered in relation to an issue of bonds for the purpose of constructing a waterworks system in the town of Caddo, and some testimony as to whether or not the goods sold by the plaintiff were a necessary part of the waterworks system. At the close of the trial, the judge, a jury having been waived, rendered judgment for the defendants and against the plaintiff.

The defendants have not filed any brief, and we are not advised upon what grounds the action of the trial court was predicated. We assume that it was because he believed the purchase of the hose and hose carts was not properly payable out of the fund derived from the sale of the bonds, and was not a part of the waterworks system. However this may be, under the state of the record we think it is not necessary to determine that question, and that the trial judge was in error in refusing to render judgment for the plaintiff. When the plaintiff proved the execution of its contract and the delivery and acceptance of the goods, the debt therefor was due and unpaid. It made out a case, and, if the debt was illegally contracted, the burden was upon the defendant town to establish it. Johnson v. Board, 7 Okla. 686, 56 Pac. 701; Board of Com'rs v. DeLana, 8 Okla. 215, 57 Pac. 162; State Bank of Miami v. City of Miami, 43 Okla. 809, 144 Pac. 597. Although we are not prepared to say that, where a municipal corporation is the defendant and agrees to the entry of a confession of judgment, the trial court is thereby bound to enter it without any inquiry as to the validity of the claim of the plaintiff, it is beyond the power of the trial court to place the burden on the plaintiff of proving that there was no illegality in the proceedings, after he has established a prima facie case as above set out.

This record does not show that there was no proper fund against which this indebtedness might be charged, or that it was illegally contracted beyond the debt limit. The warrant which was drawn does not state out of which fund it is payable. Both the trial court and this court, therefore, are unable to say that the indebtedness was illegally contracted, even if it be conceded that it could not be properly contracted against the funds arising from the sale of the waterworks bonds, inasmuch as there is no evidence that it was beyond the debt limit, or the estimates fixed by the town, without the funds from the water bonds being taken into consideration.

The case is therefore reversed, with directions to the trial court to render judgment for $700 confessed, with interest from the date of the execution or offer of compromise, and for costs.

By the Court: It is so ordered.