## MICHAEL v. CITY OF ATOKA.

No. 8320—Opinion Filed Oct. 14, 1919.

Rehearing Denied Nov. 18, 1919.

(Syllabus by the Court.)

**1. Municipal Corporations—Contracts—Debt Limit.**

The intention and plain purpose of section 26, art. 10, of the Constitution, is to require municipalities to carry on their corporate operations upon the cash or pay as you go plan. The revenues of each year must take care of the expenditures of such year; and any liability sought to be incurred by contract, express or implied, executed or executory, in excess of such current revenue in hand, or legally levied, is void, unless it be authorized by a vote of the people, and within the limitations therein provided.

**2. Same—Pleading—Answer.**

Record examined and held: 1. That evidence reasonably tends to support the defense that indebtedness created by the contract set up in the first count of plaintiff's petition was illegal for the reason that it was incurred in contravention of section 26, art. 10, Williams' Constitution. 2. That in the absence of a motion to make more definite and certain or a demurrer, the allegations of the answer were sufficient to entitle the defendant to establish this defense.

**3. Same—Right of Recovery.**

One who demands payment of a claim against a city must show some statute authorizing it, or that it arose from some contract, express or implied, which finds authority of law; and it is not sufficient that the services performed for which payment is claimed were beneficial.

Error from District Court, Atoka County; J. H. Linebaugh, Judge.

Action on contract by M. D. Michael against the City of Atoka. From judgment for defendant, the plaintiff brings error. Affirmed.

J. G. Ralls, for plaintiff in error.

I. L. Cook and M. J. Humphreys, for defendant in error.

KANE, J. This was an action on contract, for the recovery of money, commenced by the plaintiff in error, plaintiff below, against the defendant in error, defendant below. Hereafter for convenience the parties will be designated "plaintiff" and "defendant," respectively, as they appeared in the trial court.

The petition of the plaintiff contained two counts, but as only the first count is involved in this proceeding in error it will not be necessary to notice the second. The first cause of action was for an alleged balance due upon a written contract by the terms of which it was agreed that, for the sum of six thousand, eight hundred sixty-seven dollars, the defendant would complete "the sewer system of the town of Atoka and build and construct a disposal plant, according to the plans and specifications designated in a former contract entered into between the parties hereto." The answer of the defendant, in addition to a general denial, specifically denied that it was indebted to the plaintiff, and further alleged in substance that the claim set forth in the first count of plaintiff's petition was illegal and void for the reason that the funds available for the purpose of constructing the sanitary sewer system "had been wholly disbursed, expended and paid out by said city prior to the presentation of said claims of the plaintiff to the city council of said city."

Upon trial to a jury there was a verdict in favor of the defendant upon the first cause of action, upon which judgment was duly en-

tered, to reverse which this proceeding in error was commenced.

Counsel for plaintiff assigns numerous errors in his petition in error, but in his brief he has summarized them all under a comparatively few sub-heads. An examination of these sub-heads show that all, except one, of the errors relied upon for reversal relate to alleged errors of the trial court in its rulings upon the admission or rejection of evidence or errors in the instructions given by the court; or errors in the instructions requested by plaintiff and refused by the court. All of such errors, except the ones hereinafter specifically noticed, may be disposed of by the observation that, inasmuch as the record discloses that there is no conflict in the evidence on any material issue of fact, with the possible exception of one, which will be noticed hereafter, these errors could not have resulted in a miscarriage of justice. The only grounds for reversal which do not belong to this class are stated by counsel in his brief under the sub-head. "Errors Nos. 1, 28. 29, 30, 31, 38," as follows:

"All of these assignments go to the proposition that the plaintiff was entitled to recover upon his first cause of action; that involves a reading of the evidence and the answer of the defendant. There was no evidence offered by the defendant, tending to show payment; the city council had accepted the work and the plaintiff was entitled to a verdict and a judgment for the amount sued for."

In support of this counsel cite the following Oklahoma cases:

Baker v. Newton, 27 Okla. 436; Fitzpatrick v. Nations et al., 30 Okla. 462; Offut et al. v. Wagoner et al., 30 Okla. 458; Forbes v. First National Bank of Enid, 21 Okla. 206; Cockrell et al. v. Schmitt, 20 Okla. 207; U. C. Guss v. Federal Trust Company, 19 Okla. 138; Metropolitan R. Co. v. Mrs. E. P. Fonville. 19 Okla. 283; Choctaw, Oklahoma & Gulf R. Co. v. J. B. Garrison, 18 Okla. 461; Weaver et al. v. City of Chickasha, 36 Okla. 226.

From an examination of these authorities and the various assignments of error referred to in the foregoing sub-title, we take it that counsel's principal contention is that, inasmuch as the uncontradicted evidence shows that his client was entitled to recover, it was error for the trial court to overrule his motion for a directed verdict. We agree with counsel that there was no conflict in the evidence, but we are unable to agree with him that his client was entitled to a directed verdict.

The uncontradicted evidence shows substantially the following statement of facts: Prior to the execution of the contract involved herein, the city of Atoka voted the sum of $30,000 for the purpose of putting in a sewer system; after the bonds had been sold the city entered into a contract with the plaintiff for the construction of the sewer system, together with some other work in connection therewith, for the sum of $23,000. Before the sewer system and the other work was completed the $30,000 voted for that purpose became entirely exhausted, whereupon the city, without making any other provision for paying for the work, entered into the contract involved herein for the purpose of completing the work for which the bond issue had been voted.

The contention of the defendant is that this evidence tends to support its defense, that the contract sued upon was illegal for the reason that the indebtedness sought to be created thereby exceeded the amount that could be legally expended under section 26, art. 10, of the Constitution. The cases of O'Neill Engineering Co. v. Incorporated Town of Ryan et al., 32 Okla. 738, and Haskin and Sells v. Oklahoma City, 36 Okla. 57, seem to support the contention of counsel for the defendant. Indeed the principle supported by the cases is not disputed by counsel for the plaintiff. His theory, as disclosed by his requested instruction for a directed verdict, was that, inasmuch as the evidence shows that the city of Atoka accepted the sewer system and disposal plant upon the recommendation of the sewer committee and by proper resolution of the city council, and the defendant had not pleaded that any misrepresentations in regard thereto were made or any impositions had been practiced upon the city council or the members thereof. the acceptance by the city council of said sewer system and septic tank was final and conclusive, notwithstanding the constitutional limitation. No authorities are cited in support of this contention, and it seems to be contrary to the rule announced by this court in the case of Board of County Commissioners of Washita County v. Brett, 32 Okla. 853, where it was held that:

"One who demands payment of a claim against a county must show some statute authorizing it, or that it arose from some contract, express or implied, which finds authority of law; and it is not sufficient that the services performed for which payment is claimed were beneficial."

There is some contention that the answer of the defendant was insufficient to entitle the defendant to establish this defense. The allegations of the answer are somewhat meager on this point, but, in the absence of a motion to make more definite and certain or of a demurrer challenging the sufficiency

of the answer, the affirmative allegations of fact, we think, were sufficient.

As what we have said above is decisive of the case on its merits, it is not necessary to discuss another point made by counsel for the defendant—that, inasmuch as the general denial contained in the answer put in issue the question of the completion of ·the sewer system and there was evidence tending to show that the work was not completed according to the terms of the contract, the general findings of the court and jury in favor of the defendant on this point will not be disturbed on appeal.

For the reasons stated, the judgment of the court below is affirmed.

All the Justices concur, except RAINEY, J., not participating.