# CITY OF WOODWARD V. MANHIRE GRATE & EQUIPMENT CO. 83

Supreme Court of Indiana, in the case of Pittsburg Ry. Co. v. Parker, 19 A. L. R. 751, in referring to that case, said:

"Counsel for the appellee cite and rely upon the case of Book v. Henderson, 176 Ky. 785, 197 S. W. 449. But the reasoning of the opinion in that case does not appeal to us and it is opposed to the great weight of authority"—citing a number of cases.

In the case of Godfrey v. Brooklyn Edison Co., 187 N. Y. Supp. 263, the court held in construing a statute almost identical with the law of Oklahoma:

"Under Workmen's Compensation Law, sec. 29, as amended by Laws of 1917, c. 705, until there has been an award of compensation to an injured employe he is free to forego compensation under the compensation law and pursue his right to recovery of ordinary damages from the direct tortfeasors; it not being now the electing to claim compensation under the compensation law, but the actual awarding of it which is decisive and binding."

In the opinion the court said:

"It has been pointed out that 'the reason for the (old) statutory declaration as to election is founded upon the common law rule that there should not be a double satisfaction for the same injury.' Miller v. N Y. Ry. Co., 171 App. Div. 316, 157 N. Y. S. 200, 201. The reason for the amendment rests upon an even closer analogy to the common law. It adopts the rule 'where the party has two or more remedies for the same wrong in which the measure of damages might be different electing one and pursuing it to judgment is a bar to any other remedy.' Miller case, supra, 171 App. Div. at page 319, 157 N. Y. S. at page 202."

It has been held in Illinois that in case an employer is subrogated to the rights of the employe, or his personal representative, to recover against the negligence of a third party, the amount of the recovery is limited to the aggregate amount of the compensation payable under the act. Keeram v. Peoria B. & C. Traction Co. (1917) 277 Ill. 413, 115 N. E. 636; 19 A. L. R. 792.

Under the Michigan act an employer who, having been compelled to pay compensation to an injured employe, seeks to enforce the liability of a third person whose negligence caused the injury, can recover only the amount which he has been compelled to pay as compensation, and cannot recover the sum which the injured employe himself would have recovered had he elected to bring the action himself, since an employer may not be permitted to speculate on the misfortunes of his employes nor can he recover the amount upon the theory that a trust should be impressed on the excess recovered

in favor of the injured party, since the injured party cannot have two remedies, and has elected his remedy under the compensation act. Albert A. Albrecht Co. v. Whitehead & K. Iron Works (1918) 200 Mich. 109, 166 N. W. 855, 19 A. L. R. 792.

In the case of Pittsburg Ry. Co. v. Parker (Ind.) 132 N. E. 372, 19 A. L. R. 751, it is held:

"Under a statute permitting an employe injured by the negligence of a stranger to claim compensation under the Workmen's Compensation Act, or proceed against the third person to recover damages, declaring that he shall not collect from both, but that the employer, having paid the awarded compensation, may recover the amount from such stranger, an employe who collects compensation awarded under the Compensation Act cannot maintain an action against the stranger."

We are of the opinion that the Legislature intended in the enactment of the Workmen's Compensation Act of 1915 that the injured employe should have but one satisfaction for his injuries; that he "shall elect" to either pursue his remedy against a third person in damages or to pursue his remedy against the employer for compensation.

In this case the plaintiff proceeded against his employer under the act and received the award. The employer of the plaintiff, the Western Union Telegraph Company, by the terms of the act, had a cause of action against the defendants, who were liable to it for the payment of the amount of the award. The Western Union Telegraph Company, having assigned its cause of action to the plaintiff, the plaintiff was not entitled to recover any greater sum than the Western Union Telegraph Company could have recovered if no assignment of the cause of action had been made; that is to say, the amount which it had been compelled to pay under the award of the commission.

We think the court committed no error in its instructions, and that the judgment of the trial court should be affirmed.

By the Court: It is so ordered.

---

## CITY OF WOODWARD v. MANHIRE GRATE & EQUIPMENT CO.

No. 13616—Opinion Filed March 11, 1924.

1. **Municipal Corporations—Valid Purchase of Merchandise—Effect of Diverting Funds.**

If a valid contract for the sale of merchandise or equipment is entered into with

a municipal corporation in accordance with the requirements of the law, it will not be invalidated by any subsequent diversion of the funds provided by the corporation for meeting the payments required by the contract.

## 2. Same—Effect of Provision for Payment in Installments.

If the contract is entered into in conformity with all legal requirements and the municipal corporation has then provided funds for meeting the charges created by the contract, the fact that the contract may provide for the payment of the contract price in several monthly installments thereafter does not invalidate the contract. If the contract is legal in every respect and the municipal corporation has then provided funds to meet the charges created by the contract, the contract may provide for cash payment upon the installation of the machinery and equipment, or it may provide for the payments in several monthly installments to commence at some future date.

## 3. Same—Action on Contract—Burden of Proof of Invalidity.

If the plaintiff sues upon a contract for material and equipment furnished a municipal corporation and proves the contract and performance in accordance with the contract for which the debt was created, it makes a prima facie case for the plaintiff, and the burden of proof is on the municipal corporation to prove that the debt was illegally contracted.

## 4. Same—Judgment Sustained.

Record examined; held, to support judgment.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Woodward County; J. C. Robberts, Judge.

Action by Manhire Grate & Equipment Company against the City of Woodward to recover on contract for supplies and equipment delivered and installed for the defendant. Judgment for plaintiff. Defendant brings error. Affirmed.

C. W. Herod and O. C. Wybrant, for plaintiff in error.

H. W. Patton and Chas. R. Alexander, for defendant in error.

Opinion by STEPHENSON, C. In November, 1917, the city of Woodward, by due and proper election, authorized the issuance and sale of its bonds to the amount of several thousand dollars for water and light extension. About January 25, 1918, the plaintiff and defendant entered into a written contract duly approved by the proper officers for the sale and delivery of certain equipment and supplies by the plaintiff to the defendant for use by the latter in the water and light extension for which the bonds were issued and sold. The total amount of the contract price was about the sum of $3,300. The contract provided that the city might pay the indebtedness upon the delivery and installation of the equipment or at its option satisfy the indebtedness in a series of monthly payments, which extended into the following fiscal year. The equipment was installed by the plaintiff and it complied with the contract in every respect. The defendant made several monthly payments until it had reduced the indebtedness to the sum of about $1,300, at which time it refused to make further payments. The plaintiff commenced its action against the city of Woodward upon the contract for recovery of the balance. The defendant filed its general denial and specially pleaded the contract was unlawful in that the city had not provided and did not have on hand the funds to meet the payment of the obligation created by the contract. In the trial of the cause judgment went for the plaintiff and the defendant has appealed the cause to this court assigning several of the proceedings had in the trial court as error for reversal in this court. The proof discloses that the city had issued its bonds in due and regular manner for water and light extension by an election held in November, 1917, and at the time the contract was entered into there were several thousand dollars of the bonds, against which no liability had been created by contract or otherwise. At the time the installment of the machinery and equipment had been completed by the plaintiff there yet remained on hand and for several months thereafter several thousand dollars from bonds issued, against which no charge had been created by the city. The defendant apparently rests its defense of this action on the ground that the contract did not specifically show that the charge was against the particular fund, and endeavors to show that this is true because two of the last warrants issued by the city in payment to the plaintiff were against the general fund of the city. The defendant further contends that a contract could not be made providing for a series of monthly payments extending into the subsequent fiscal year. The cause was tried to the court and special findings made and filed in the cause by the trial court. Among the several findings, the court found the bond issue was regularly made and the bonds sold, and that the city had on hand several thousand dollars at the time the contract involved herein was made, and that no other charge had been created against said fund by the city. The court further

found that the equipment and supplies were purchased for use in making the water and light extension as contemplated by the bond issue. It appears after the contract was entered into and the supplies and equipment furnished by the plaintiff, several months later the defendant purchased a boiler at a cost of several thousand dollars and diverted the balance of the bond money, which was more than ample to pay the plaintiff's claim, to apply on the payment of the boiler. The purchase of the boiler was aside from the purpose for which the bonds were issued. It was sufficient for the plaintiff in its suit upon the claim and contract to prove delivery and performance in accordance with its terms and failure of the municipality to pay the indebtedness. The burden of proof then shifted to the municipality to establish that the debt was illegally contracted between the parties. In other words, the burden was on the municipality to show that the city had not made provisions for the payment of the obligation created by the contract at the time the agreement was entered into by the parties. Fabric Hose Co. v. Town of Caddo, 59 Okla. 89, 158 Pac. 350.

If a contract is entered into with a municipality in accordance with the requirements of law, the city cannot invalidate the contract at some future time by a diversion of the funds so appropriated, for some other purpose. Chicago v. Berger, 100 Ill. App. 158; 28 Cyc. 1 and 673. In this case it is not material that the contract provides for cash payment at the time of the completion of the installation of the machinery and equipment or, at the option of the defendant, for the payment in a series of monthly payments extending over a period of time reaching into the coming fiscal year. The city may have elected to satisfy the claim by the several installments in order to determine the degree of satisfaction given by the equipment and machinery, which it could do lawfully and rightfully. The defendant does not complain about the breach of any warranty in relation to the condition of the machinery or failure on the part of the plaintiff to meet all requirements of the contract according to the pleadings filed herein.

Therefore, it is recommended that this cause be affirmed.

By the Court: It is so ordered.