## PIERCE OIL CORPORATION v. CITY OF WOODWARD.

No. 13221—Opinion Filed Sept. 16, 1924.

1. **Trial—Demurrer to Evidence.**

In a trial of a law action, it is error to sustain a demurrer to the plaintiff's evidence, unless all the evidence and the reasonable inferences to be drawn therefrom fail to establish plaintiff's right of recovery.

2. **Municipal Corporations—Action Against City for Price of Merchandise Sold—Burden of Proof.**

In an action to recover for merchandise sold and delivered to a municipal corporation, the plaintiff makes out a prima facie case for recovery, by showing the contract of sale and the delivery and acceptance of the merchandise. The burden then shifts to the municipal corporation to prove that it constituted an unlawful indebtedness, in excess of the levy made by the city for the fiscal year.

3. **Same—Sufficiency of Evidence Against Demurrer.**

Record examined; held, to be insufficient to support the action of the court in sustaining a demurrer to the plaintiff's evidence.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Woodward County; James B. Cullison, Judge.

Action by the Pierce Oil Corporation against the City of Woodward for debt on account of oil supplies sold to the city. Demurrer to plaintiff's evidence sustained. Plaintiff brings error. Reversed and remanded.

Chas. R. Alexander, for plaintiff in error.

C. W. Herrod and C. O. Wybrant, for defendant in error.

Opinion by STEPHENSON, C. Between

the dates of July 1, 1918, and June 30, 1919, the plaintiff sold and delivered oil supplies and lubricants to the defendant for use in connection with the operation of its water works system. The account was not filed with the city in the fiscal year during which the indebtedness was incurred. There was no dispute as to the amount or reasonableness of the charge, which was in the total sum of $252.83. The plaintiff proved the sale and delivery of the several items, which made up the total of the amount sued for. In order for the plaintiff to make out its cause of action, it was sufficient for it to prove the contract, and the sale and delivery of the merchandise, and the agreed price or the reasonable charge therefor. If the defendant is seeking to defeat the recovery on account of the contract being illegal, the burden to so show shifts to the defendant. By the answer of the defendant it appears that the defense was being made that the indebtedness sued for was in excess of the total levy made for all purposes for the fiscal year in which the indebtedness was incurred. The plaintiff unnecessarily assumed the burden to show that the indebtedness so incurred was within the levy. The evidence is insufficient to show whether the indebtedness at the time it was incurred was in excess of the unexpended portion of the levy. The city made a levy of about $41,000 for the fiscal year in which the indebtedness was incurred. The proof showed cash in the amount of about $8 on hand at the close of the fiscal year. The evidence further showed an existing indebtedness of about $9,000 over and above the current levy. The evidence does not show whether this indebtedness was incurred during prior years, nor does the evidence show whether the indebtedness sued for was contracted after the total of the levy had been expended. Certainly some of the earlier items in the fiscal year were contracted for before the expenditure of the entire levy. In testing the plaintiff's evidence by demurrer, the plaintiff was entitled to the favorable inferences which might be drawn from the evidence. Certainly it could not be said that the evidence introduced in the cause denied plaintiff's right of recovery. The burden being on the city to prove the invalidity of the contract, the fact that the plaintiff improperly undertook to discharge this burden of the defendant did not relieve the defendant of the duty to establish this fact, unless the plaintiff had shown the invalidity. As the testimony of the plaintiff failed to show that the contract was invalid, it was error for the court to sustain defendant's demurrer to the plaintiff's evidence. Under the record, if the defendant had not introduced any testimony, the plaintiff would have been entitled to an instructed verdict. City of Woodward v. Manhire Grate & Equipment Co., 98 Okla. 83, 224 Pac. 356.

It is recommended that this cause be reversed and remanded for further proceedings in accordance with the views herein expressed.

By the Court: It is so ordered.