## DOUGHERTY-NICHOLS CONSTRUCTION CO. v. TOWN of JENKS.

No. 13906—Opinion Filed Oct. 21, 1924.

Rehearing Denied Dec. 1, 1925.

1. **Municipal Corporations — Powers — Notice of Limitations—Contracts and Supplies.**

Whoever deals with a municipality does so with notice of the limitations on its or its agents' powers. All are presumed to know the law, and those who contract with it, or furnish it supplies, do so with reference to the law; and if they go beyond the limitations imposed, they do so at their peril.

2. **Same.**

One who demands payment of a claim against a city must show some statute authorizing it, or that it arose from some contract, express or implied, which finds authority of law, and it is not sufficient that the services performed, for which payment was claimed, were beneficial.

3. **Same—Illegality of Contract in Excess of Funds—Completing Water and Sewer System.**

A claim against an incorporated town or city for material furnished and services rendered in completion of a sewer and water system, which is in excess of the fund created for the purpose of defraying the expense of constructing such sewer and water

system, and which is incurred after the fund has been exhausted, is not a legal liability against the town or city.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Tulsa County; Redmond S. Cole, Judge.

Action by Dougherty-Nichols Construction Company against the Town of Jenks, Okla. Judgment for defendant, and plaintiff appeals. Affirmed.

H. W. Randolph, John A. Haver, and Randolph Shirk, Geo. W. Leopold, and J. F. Brett, for plaintiff in error.

Louis W. Pratt and J. M. Springer, for defendant in error.

Opinion by JONES, C. This action was instituted in the district court of Tulsa county, on the 24th day of September, 1920, by appellant, plaintiff in the trial court, against the appellee, defendant in the trial court, to recover $11,443.33 for goods, wares, merchandise and services rendered as construction engineer. A full, true, and correct itemized account of the same, duly verified was attached to the petition of plaintiff and made a part thereof, showing the defendant to be indebted to plaintiff in the sum aforesaid. To which petition the defendant filed its answer, and admitted that the plaintiff is a copartnership, and that the defendant is an incorporated town, duly organized under the laws of the state of Oklahoma, and denies each and every other allegation in said petition contained. And specifically denies that it is indebted to the plaintiff in the sum sued for, or in any other sum, and further avers in its answer that the claim of plaintiff is illegal and void, and that no indebtedness on the part of the defendant can be created, incurred, or enforced by reason or on account thereof, to which answer the plaintiff filed a reply and generally denied the averments of the answer.

The case was called for trial on the 22nd day of April, 1922; a jury being waived, the matter was submitted to the court. The plaintiff offered in evidence the petition, together with the verified statements of the account, and rested its case. The defendant then called its witness, Mr. Black, the town clerk of the town of Jenks, defendant in the case, who produced the city records showing canceled vouchers drawn and paid against the various funds of the city and the account of each particular fund, created by the city for the purpose of construction of a sewer and water system of the city, and also introduced in evidence the bank

records in which the city accounts were kept, which disclosed the fact that no funds were available with which to pay the account sued on, which seems to have been an indebtedness incurred for the completion of the sewer and water system after the funds created for such purpose had been exhausted. Upon the close of the evidence upon the part of the plaintiff and defendant, the court said:

"The order of the court in this case will be, it appearing from the evidence in this case that the claim of the plaintiff is based upon an allegation of the rendition of services and the furnishing of materials for the sum in excess of estimate made and approved and in excess of the bond issues had for such purposes and that at the time of the rendition of the services and the filing of the claim there were no available funds belonging to the town of Jenks out of which the claim could lawfully be paid, and that upon said account there was no legal liability, and that on said account the plaintiff cannot recover in this case, and the judgment will be for its costs."

And the journal entry was drawn in accordance with the judgment of the court, a motion for new trial was filed and overruled, upon which order and judgment the plaintiff prosecutes this appeal, and assigns various specifications of error, but the only question involved is whether or not the town of Jenks, appellee herein, is liable for the claim sued upon. Reference is made in the pleadings and also in the judgment rendered by the court to a contract, but in fact no contract was offered in evidence, and no proof made of any contract. The suit as here presented was based on a verified account, and if any contract existed it must have been an implied contract, but we do not regard the question of vital importance here, for the reason, as we understand the law, if there were no funds available with which to pay this indebtedness at the time it was created and at the time the claim was presented, then no liability existed, and there seems to be no serious controversy as to this question, and the records offered in evidence by the defendant show conclusively that there were no funds available.

Appellant calls attention to the case of Fabric Fire Hose Co. v. Town of Caddo et al., 59 Okla. 89, 158 Pac. 350, as an authority in point, but in that case the town of Caddo had issued a warrant in part payment of the claim, and the opinion further disclosed that a settlement or compromise had been made, and the city had agreed to pay $700, and nothing appeared in the record in that case to show that there were no

funds available, and the fact that a warrant had been issued against some fund would at least be presumptive evidence, in the absence of any direct proof to the contrary, that there was a fund available. The facts in this case, we think, parrallel, or at least substantially so, the facts which exist in the case of the O'Neil Engineering Co. v. Inc. Town of Ryan, 32 Okla. 738, 124 Pac. 19, where will be found a very comprehensive discussion of the law involved, and citation of many authorities in support thereof, wherein this court held:

"Whoever deals wth a municipality does so with notice of the limitations of its, or its agents' powers. All are presumed to know the law, and those who contract with it, or furnish it supplies, do so with reference to the law; and if they go beyond the limitations imposed, they do so at their peril."

And further stated in the body of the opinion:

" The intention and plain effect of the provision of the Constitution under consideration is to require municipalities to carry on their operations upon the cash or pay-as-you-go plan. The revenues each year must take care of the expenses of such year; and any liability sought to be incurred by contract, express or implied, executed or executory, in excess of such current revenue, in hand or legally levied, is void, unless it be authorized by a vote of the people, and within the limitation therein required. Campbell v. State ex rel., 23 Okla. 109, 99 Pac. 778 (and other cases cited.) In the Campbell Case, supra, Mr. Justice Williams, in, discussing this provision, says: 'The settled purpose has been to place restrictions and limitations upon the taxing power by a restriction upon the outlay of the money after it has been collected by the people Under this provision, the government is dependent from year to year upon the periodical vote of supplies.' And further: 'No one idea stands out more clearly than that barriers should be erected against the creation of municipal indebtedness'."

"One who demands payment of a claim against a city must show some statute authorizing it, or that it arose from some contract express or implied, which finds authority of law, and it is not sufficient that the services performed, for which payment was claimed were beneficial." Michael v. City of Atoka, 76 Okla. 266, 185 Pac. 96,

Appellee also calls attention to section 26 of art. 10 of the Constitution, which is as follows:

"No county, city, town, township, school district, or other political corporation, or subdivision of the state shall be allowed to became indebted, in any manner, or for any purpose, to an amount exceeding, in any year, the income and revenue provided for such year, without the assent of three-fifths of the voters thereof, voting at an election, to be held for that purpose, nor in cases requiring such assent, shall any indebtedness be allowed to be incurred to any amount including existing indebtedness, in the aggregate exceeding five per centum of the valuation of the taxable property therein, to be ascertained from the last assessment for state and county purposes previous to the incurring of such indebtedness."

And section 9 of chapter 80 of the Session Laws of 1910-11, as follows:

"It shall be unlawful for the board of county commissioners, the city council, or the commissioners of any city, the trustees of any town, board of education, township board, school district board or any member or members of the aforesaid commissioners, or of any of the above named boards, to make any contract for, incur, acknowledge, approve, allow or authorize any indebtedness against their respective municipality or authorize it to be done by others, in excess of the estimate made and approved by the excise board for such purpose for such current fiscal year, or in excess of the specific amount authorized for such purpose by a bond issue. Any such indebtedness, contract incurred, acknowledged, approved, allowed or authorized in excess of the estimate made and approved for such purpose for such current fiscal year or in excess of the specific among authorized for such purpose by a bond issue, Shall not be a charge against the municipality whose officer or officers contracted, incurred, acknowledged, approved, allowed or authorized or attested the evidence of said indebtedness, but may be collected by civil action from any official contracting, incurring, acknowledging, approving or authorizing or attesting such indebtedness or from his bondsmen."

And also calls attention to sections 1 and 2, chapter 186, of Session Laws 1913, as follows:

"Section 1. All claims for money due from any county, township, city or incorporated town shall be itemized in detail, verified and filed for allowance with the proper authority not less than five days before the meeting of such body for such purpose. Such verified claims shall show in detail the amount due on each item, the date thereof, the purpose for which each item was expended, and such other facts as are necessary to show the legality of such claim and each item thereof.

"Section 2. The proper authority of each county, township, city or incorporated town authorized by law to allow claims shall examine into each claim so filed for allowance at the meeting authorized by law to make such allowance, and if the same, or any part thereof, is found to be correct and is in

compliance with section 1 of this act, the same shall be allowed for payment and a warrant issued therefor."

From the foregoing statement of facts in this case and the provisions of the Constitution, and laws of Oklahoma above quoted, we conclude that there is an abundance of affirmative evidence in the case to establish that the claim sued on is void, and also that the plaintiff wholly failed to establish even a prima facie case against the defendant. In addition to the failure of the plaintiff to offer any evidence upon which it could be shown that the defendant in any manner authorized the employment of the plaintiff to furnish the materials and perform the labor required for the completion of the sewers and waterworks, there is a total absence of evidence showing that the plaintiff ever presented a claim for money due from the incorporated town of Jenks, itemized in detail, and verified and filed for allowance with the proper authorities not less than five days before the meeting of the trustees for the purpose of acting upon such claim. The statute of 1913 above quoted requires that such verified claims shall show in detail not only the amount due on each item, the date thereof, and the purpose for which each item was expended, but also "such other facts as are necessary to show the legality of each item thereof."

Appellee also calls attention to the rule announced in the case of Fairbanks-Morse Co. v. City of Geary, 59 Okla. 22, 157 Pac. 720, and the case of Micheal v. City of Atoka, supra, wherein the court said:

"Prior to the execution of the contract involved herein, the city of Atoka voted the sum of $30,000 for the purpose of putting in a sewer system. After the bonds had been sold the city entered into a contract with the plaintiff for the construction of the sewer system together with some other work in connection therewith for the sum of $23,000. Before the sewer system and other work was completed the $30,000 voted for that purpose became entirely exhausted, whereupon the city, without making any other provision for paying for the work, entered into the contract involved herein for the purpose of completing the work for which the bond issue had been voted. The contention of the defendant is that this evidence tends to support its defense, that the contract sued upon was illegal for the reason that the indebtedness sought to be created thereby exceeded the amount that could be legally expended under sec. 26, art. 10 of the Constitution. The cases of O'Neil Engineering Co. v. Incorporated Town of Ryan et al., 32 Okla. 738, 124 Pac. 19, and Haskins & Sells v. Oklahoma City, 36 Okla. 57, 126 Pac. 204, seem to support the contention of

counsel for the defendant. Indeed the principle supported by these cases is not disputed by counsel for the plaintiff. His theory, as disclosed by his requested instruction for a directed verdict, was that, inasmuch as the evidence shows that the city of Atoka accepted the sewer system and disposal plant upon the recommendation of the sewer committee, and by proper resolution of the city council, and the defendant had not pleaded that any misrepresentations in regard thereto were made or any impositions had been practiced upon the city council or the members thereof, the acceptance by the city council of said sewer system and septic tank was final and conclusive, notwithstanding the constitutional limitation. No authorities are cited in support of this contention, and it seems to be contrary to the rule announced by this court in the case of Board of County Commissioners of Washita County v. Brett, 32 Okla. 853, 124 Pac. 57, where it was held that: 'One who demands payment of a claim against a county must show some statute authorizing it, or that it arises from some contract, express or implied, which finds authority of law; and it is not sufficient that the services preformed for which payment is claimed were beneficial'."

Other authorities are cited following the same rule, but the rule as contended for by the appellee and followed by the trial court in this case is so well established in this jurisdiction that we deem it unnecessary to lengthen this opinion by further citations and discussion of the question, and finding the judgment of the court to be correct, and no error appearing in the record, we recommend that the same be affirmed.

By the Court: It is so ordered.