## BOARD OF ED. OF SCHOOL DIST. NO. 47½ v. JACOBS et al.

No. 18812. Opinion Filed Nov. 27, 1928.

V. L. Headrick. for plaintiff in error.

Geo. D. Wilson and Rolland O. Wilson, for defendants in error.

MASON, V. C. J The defendants in error, J. S. Jacobs and A. E. Underwood,

plaintiffs in the lower court, recovered a judgment against the board of education of school district No. 47½ of Garfield county, in the sum of $180 for services performed as attorneys in preparing the proceedings for the submission of a bond issue in school district No. 52 of said county, which was subsequently annexed to district No. 47½. The school district has perfected its appeal from said judgment. The parties will be referred to herein as plaintiffs and defendant, as they appeared in the trial court.

The facts, as disclosed by the record, are substantially as follows: Defendant school district No. 47½ is an independent school district embracing the city of Garber in Garfield county. On June 24, 1924, the territory immediately south of the city of Garber composed what was known as school district No. 52 of said county, and on that date, J. C. Hoffsommer, county superintendent, made an order dissolving said district No. 52 and annexing all of said territory to district No. 47½. Thereupon, the board of the latter district took charge of all the property and money held by district No. 52, and the school building of district No. 52 was sold and moved away by the purchaser. Thereafter, during the month of September, certain residents of district No. 52 commenced an action in the district court of Garfield county to vacate said order of the county superintendent, in which they were finally successful. It appears that after said order of the county superintendent, no estimate or levy was made for the maintenance of district No. 52, but that the estimate and levy of district No. 47½ included the territory formerly embraced within district No. 52. The district court, in vacating the order of the county superintendent, had these facts before it, and, although the order of the county superintendent was held to be void and was ordered vacated, yet the court, realizing that the school building had been removed and that no taxes had been collected for the maintenance of district No. 52, and in order, no doubt, to make the best of a bad situation, directed that the order should not become effective until after the termination of the then school term and that the students of district No. 52 should continue to attend school in district No. 47½, and that said district would be permitted to retain such money as had been derived from the territory embraced within district No. 52. No appeal was perfected, and this judgment became final.

Thereafter, and on April 15, 1926, the directors of school district No. 52 entered into a contract with the plaintiffs, Jacobs and Underwood, to prepare the proceedings and perform other necessary legal services in connection with the submission to the voters of said school district of a proposition to vote a bonded indebtedness of $6,000 for the purpose of building and equipping a new schoolhouse in said district. A consideration of $180 was agreed upon for said services. The record discloses that said services were performed and an election held at which the voters declined to issue said bonds, and that the plaintiffs were continuing their efforts to resubmit said question to the voters, when on May 21, 1926, C. L. Dalke, the then county superintendent of Garfield county, issued a new order of annexation disorganizing said district No. 52 and attaching said territory to school district No. 47½. This order was never appealed from and has become final.

Upon failure of both districts to pay the plaintiffs herein, the instant case was commenced. The defendant board of education concedes that if the contract sued upon was a valid and binding contract when it was made, it is a valid and binding contract as against the defendant school district No. 47½, to which district No. 52 was duly annexed by proper order of the county superintendent.

Counsel for plaintiff in error contend that said contract is void as being in contravention of section 26, article 10, of the Constitution of Oklahoma, which provides, in part, as follows:

"No county, city, town, township, school district, or other political corporation, or subdivision of the state, shall be allowed to become indebted, in any manner, or for any purpose, to an amount exceeding, in any year, the income and revenue provided for such year without the assent of three-fifths of the voters thereof, voting at an election, to be held for that purpose. * * *"

It is then insisted that the trial court erred in overruling its demurrer to the plaintiffs' evidence. Whoever deals with a municipality does so with notice of the limitations on its or its agents' powers. All are presumed to know the law, and those who contract with it, or furnish it supplies, do so with reference to the law; and if they go beyond the limitations imposed, they do so at their peril. O'Neill Engineering Co. v. Incorporated Town of Ryan, 32 Okla. 738, 124 Pac. 19.

The court, in that case, used the following language:

"The intention and plain purpose of section 26, article 10, of the Constitution, is to require municipalities to carry on their corporate operations upon the cash or pay as you go plan. The revenues of each year must take care of the expenditures of such year; and any liability sought to be incurred by contract, express or implied, executed or executory, in excess of such current revenue in hand, or legally levied, is void, unless it be authorized by a vote of the people, and within the limitations therein provided."

See, also, Dougherty-Nichols Construction Co. v. Town of Jenks, 115 Okla. 104, 242 Pac. 167; Wilson v. Oklahoma City, 120 Okla. 266, 251 Pac. 484; Barney v. School District No. 98, 120 Okla. 303, 251 Pac. 737; Gentis v. Hunt, 121 Okla. 71, 247 Pac. 358; In re Town of Afton, 43 Okla. 720, 144 Pac. 184; Town of New Butler v. Tucker, 54 Okla. 182, 153 Pac. 628.

The rule is also well settled that if a plaintiff shows the execution of a contract with a defendant municipal corporation and performance of his part thereunder, the burden of proof is upon the municipality to show that the debt was illegally contracted or constituted an unlawful indebtedness. Board of Com'rs of Custer County v. Gustavus De Lana, 8 Okla. 213, 57 Pac. 162; City of Woodward v. Manhire Grate & Equipment Co., 98 Okla. 83, 224 Pac. 356; Pierce Oil Corporation v. City of Woodward, 100 Okla. 266, 229 Pac. 181; Fabric Fire Hose Co. v. Town of Caddo, 59 Okla. 89, 158 Pac. 350; Oklahoma City v. Derr, 109 Okla. 192, 235 Pac. 218.

The foregoing rule and cases are cited by the defendants in error, and the contention is then made that the evidence fails to bring the instant case within the rule announced in O'Neill Engineering Co. v. Town of Ryan, supra. This contention, however, is without merit for the reason that the stipulated facts upon which the cause was submitted to the trial court disclose that after the abortive effort to annex district No. 52 to district No. 47½, the latter district took over all the money belonging to school district No. 52. The defendant school district also sought to establish that no estimate of needs had been made and filed by school district No. 52 after such attempted annexation, but the court sustained the plaintiffs' objection thereto. In this, we think the trial court committed reversible error. The defendant had the burden, not only of establishing that there were no funds on hand at the time the contract was entered into, but that said contract was not

within the income and revenue provided for such year, and this evidence was offered, no doubt, for the purpose of showing that there was no income or revenue of district No. 52 for that year. The stipulated facts, however, disclose that all the revenues collected for school purposes from the territory embraced within both school district No. 52 and district No. 47½ were paid to the proper official of school district No. 47½. We must conclude, therefore, that no income or revenue was provided for district No. 52 for the year during which said contract with plaintiffs was entered into and that said district had no funds on hand at that time, and, therefore, the case comes squarely within the rule announced in the case of O'Neill Engineering Co. v. Town of Ryan, supra.

Counsel for plaintiffs, in order to avoid the effect of the foregoing rule, call attention to that portion of section 26, article 10, of the Constitution which provides:

"Without the assent of three-fifths of the voters thereof, voting at an election to be held for that purpose"

—and contend that by reason thereof, there is an implied authority for the school district to enter into such contracts as are necessary to submit said question to the voters. No authorities are cited, and we refuse to read such an exception into the Constitution.

Counsel for defendants in error next insist that said contract is valid, regardless of whether or not there were available funds at the time for such purpose In support of this contention, they cite the case of Smartt v. County Com'rs of Craig County, 67 Okla. 141, 169 Pac. 1101. In that case, the court held that moneys lawfully expended by a sheriff in the feeding of prisoners and fees earned by him in the discharge of duties imposed upon him by the Constitution and laws of the state constitute a valid charge against the county, and are not within the limitations imposed upon the county by section 26, article 10, of the Constitution.

This opinion appears to be in the very teeth of the provisions of the Constitution, although it may be justified by reason of the surrounding circumstances and the mandatory nature of the acts by which the expense was created.

It is then urged that it is as much the duty of the school board to provide an education for the school children within its district as it is for the sheriff to feed the

prisoners confined in the county jail. Be that as it may, the employment of attorneys to prepare the proceedings in a bond election for the purpose of erecting a new school building is too remote to come within the rule announced in the Smartt Case. In the Smartt Case, the sheriff was required by mandatory provisions of the statutes to feed the prisoners held in custody, but in the instant case, the plaintiffs, in performing the services sued for, were not acting under a mandatory statute, but under a contract. We decline to extend or enlarge the rule in the Smartt Case so as to include the cause of action sued on herein.

We must conclude that said contract was void and that the trial court erred in overruling defendant's demurrer to the plaintiffs' evidence and in rendering judgment for the plaintiffs.

The judgment is, therefore, reversed.

BRANSON, C. J., and HARRISON, LESTER, HUNT, RILEY, and HEFNER, JJ., concur.