## PROTEST OF TEXAS PIPE LINE CO.

No. 20512. Opinion Filed May 20, 1930.

W. F. Pardoe, Co. Atty., for protestee.

John R. Ramsey and Ames, Cochran, Ames & Monnet, for protestant.

ANDREWS, J. This is an appeal from the judgment of the Court of Tax Review sustaining the protest of the Texas Pipe Line Company against certain tax levies of Creek county for the fiscal year beginning July 1, 1928, alleged to be illegal, excessive, and void.

The protestee appeals to this court from the judgment on the second, third, fourth, fifth, and sixth grounds of protest.

The protestee's brief contains the following statement:

"Defendant in error has dismissed, or will dismiss, its protest contained in the said sixth ground of protest, being school district No. 65, so that this matter will not come before this court"

—and no other reference to the sixth ground of protest is made. The protestant makes no comment thereon. We assume, therefore,

that the protestant has abandoned the sixth ground of protest, and in order that the record may be clear, it is ordered that the judgment of the Court of Tax Review be reversed as to the sixth ground of protest and the protest as to school district No. 65 general fund be dismissed.

The protestee presents the appeal from the judgment as to the third and fourth grounds of protest, being school district No. 2 sinking fund and school district No. 5 sinking fund, together and says that they present the same question.

This contention was determined by this court in Coggeshall & Co. v. Smiley, 144 Okla. 8, 285 Pac. 48, wherein this court said:

"We cannot approve a reservation of funds derived from a tax for a fiscal year for the purpose of paying a liability that will not arise until the next fiscal year."

In that case the same suggestion was made as to the difficulty connected with the payment of interest maturities, and this court said:

"We have heretofore discussed the handling of a surplus, and we do not consider it necessary to engage in a further discussion thereof other than to say that there is ample provision in our statute for handling the interest on bonds so as to avoid the difficulty which defendant suggests. It is a common practice authorized by our statute for the first interest coupon to be made payable at a time far enough in advance of the date of the bonds for tax funds to be available for the payment of the interest. Where a bond is dated July 2, 1929, the first possible levy for the payment of interest would be July 1, 1930, and the tax so levied would not be due until November 1, 1930. If the municipal authorities provide for the maturity of the first interest coupon thereon prior to November 1, 1930, they do so with full knowledge that there will be no funds for the payment of that interest at maturity and the purchaser of the bond does so with the same knowledge. We cannot change the law with reference to fiscal affairs to suit the convenience of individuals. We cannot approve a reservation of funds derived from a tax for a fiscal year for the purpose of paying a liability that will not arise until the next fiscal year."

In McMahan v. School District, 142 Okla. 110, 285 Pac. 953, this court announced the rule for computing a sinking fund rate of levy.

There was no error in the judgment of the Court of Tax Review as to the sinking fund of school district No. 2 and the sinking fund of school district No. 5, and that judgment is affirmed.

On the fifth ground of protest, being the sinking fund of school district No. 20, the protestee contends that the indebtedness reduced to judgment and included in the sinking fund appropriation was valid, when incurred, and that its validity was not affected by the fact that the existing indebtedness of the school district was, at that time, in excess of 5 per centum of the assessed valuation of the property subject to ad valorem taxation. The protestee says:

"It appears by the admitted facts herein that school district No. 20, Creek county, for sometime has been indebted to an amount equal to 5 per cent. of its assessed valuation; that during such years warrants were issued to the amount of the appropriations made and approved by the excise board, but because of failure of tax collections all warrants were not paid, and judgments were rendered upon such warrants so written and issued within the appropriation made and approved."

The protestant contends that these warrants

"* * * do not represent an indebtedness of the municipality, but are only orders drawn against a particular fund payable if and when the cash is available in such fund. If these warrants created an indebtedness against the school district at the time they were drawn, they were invalid because such indebtedness was in excess of the 5 per cent. limitation."

The judgment of the Court of Tax Review is erroneous in that it failed to give effect to a portion of section 26, art. 10, of the Constitution. A debt was created at the time the contract was made (Buxton & Skinner Stationery Co. v. Board of County Commissioners, 53 Okla. 65, 155 Pac. 215), and being valid at the time it was entered into, is not affected by subsequent conditions. City of Woodward v. Manhire Grate & Equipment Co., 98 Okla. 83, 224 Pac. 356.

Section 26, art. 10, of the Constitution provides, in part:

"No county, city, town, township, school district. or other political corporation, or subdivision of the state, shall be allowed to become indebted, in any manner, or for any purpose * * *"

—and that provision is clear and unambiguous. When we add thereto, "to an amount exceeding, in any year, the income and revenue provided for such year," we have said in plain and unambiguous language that indebtedness may be incurred

to an amount not exceeding, in any year, the income and revenue provided for such year. The section is in no wise a limitation upon the right to become indebted to an amount not exceeding, in any year, the income and revenue provided for such year. An examination of more than 130 decisions of this court discloses that this court has never either directly or by inference, held that such an indebtedness may not be incurred. On the other hand, this court has repeatedly held that an indebtedness incurred to an amount not exceeding, in any year, the income and revenue provided for such year, is valid.

Section 26, art. 10, Const., supra, is not a limitation on the power of counties, cities, towns, townships, school districts, and other political subdivisions of the state to become indebted in any manner or for any purpose to an amount not exceeding, in any year, the income and revenue provided for such year, and is a limitation on those political subdivisions of the state becoming indebted to an amount exceeding, in any year, the income and revenue provided for such year.

The indebtedness in this case was within the income and revenue provided for the year in which it was contracted, and that indebtedness is valid. When it was reduced to judgment it remained valid, and, being in the form of a judgment, it is subject to payment in the manner authorized by the statutes. An appropriation for the payment thereof and a levy based thereon is valid.

The judgment of the Court of Tax Review sustaining the protest as to the sinking fund of school district No. 20 is reversed.

On the second ground of protest, being the sinking fund of Mounds township, the protestee now agrees that the correct annual accrual was $2,923.06 rather than $3,000, and that the judgment of the Court of Tax Review reducing the rate of levy .02 mills was correct.

The judgment of the Court of Tax Review sustaining that portion of the second ground of protest is affirmed.

On this same ground of protest the protestee contends that the judgment of the Court of Tax Review sustaining the protest as to 2.443 mills was erroneous for the reason that $71,231.72 of funding bonds, held by the Court of Tax Review to be void, were valid.

The protestee presents two propositions:

"1. That there is not sufficient facts shown to warrant the court in finding the claims upon which the judgments were founded are illegal.

"2. That the legality of the indebtedness has been twice determined by a court of competent jurisdiction, and is res adjudicata and is not subject to collateral attack."

The record in this case is not sufficient for this court to know the facts in connection with this transaction. From the record it appears that during the five fiscal years from 1916 to 1921, Mounds township issued warrants to the full amount of the appropriation for each of said years. During the last fiscal year two judgments were taken against Mounds township aggregating $90,-821.91, of which $71,236.72 was on claims of Dan Tankersly. The Court of Tax Review held that that amount of the judgment and the funding bonds issued in lieu thereof was void and that the remainder thereof was valid. No election was held to authorize any indebtedness in excess of the amount of the appropriation for the various years. Suits were filed on the 12th day of February, 1921, and judgments were rendered against Mounds township on the same date.

The judgment roll is not shown. The judgment itself is not shown. The record is silent as to how jurisdiction was acquired over Mounds township and, aside from the fact that a judgment was rendered, there is nothing to show that the court had any jurisdiction over Mounds township. The two suits were filed on the same day and judgment was rendered in each of them on the day suit was filed. The amount of those judgments was more than four times the amount of the appropriations for the township for the fiscal year and the amount of the appropriations had been exhausted by the issuance of warrants.

This court is unable to say, from this record, whether those judgments are valid or not, or whether or not the funding bond proceedings were valid. Since warrants were issued to the amount of the appropriation for each of the years, it will be presumed that the warrants were valid, and when we give effect to that presumption we must presume that the claims for which no warrants were issued were invalid. The fact that a judgment was rendered on these claims is entitled to some weight. On the other hand, the Court of Tax Review rendered a judgment sustaining the protest, which is entitled to some weight. It may be that the Court of Tax Review made an erroneous application of the rule announced in St. Louis-S. F. Ry. Co. v. Eaton, 122 Okla. 143, 251 Pac. 1032.

We think the difficulty is caused by the failure of the parties to present the record and other evidence to the Court of Tax Review. From this record we are not willing to say that judgment is erroneous and we are not willing to affirm it.

We are, therefore, reversing the judgment of the Court of Tax Review as to the second ground of protest. The cause is remanded to the Court of Tax Review, with directions to grant a new trial in accordance with the rule announced in this court in Faught v. City of Sapulpa, No. 21114, decided May 6, 1930.

CLARK, HEFNER, CULLISON, and SWINDALL, JJ., concur. MASON, C. J., LESTER, V. C. J., and HUNT and RILEY, JJ., absent.

Note.—See "Municipal Corporations," 44 C. J. §4071, p. 1134, n. 20; §4373, p. 1314, n. 24. "Schools and School Districts," 35 Cyc. p. 974, n. 19.