## SCHOOL DIST. NO. 10 of WOODWARD COUNTY v. DRAKE.

No. 21912. March 20, 1934.

E. W. Snoddy and M. H. Gordon, for plaintiff in error.

H. B. King, for defendant in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Woodward county in favor of the defendant in error, the plaintiff in the trial court, and against the plaintiff in error, the defendant in the trial court, for an amount found to be due on a teacher's contract between the plaintiff and the school district. The parties will be referred to as they appeared in the trial court.

The school district made an estimate for the fiscal year 1929-1930, which included an item of $800 for teacher's salary. That estimate was not presented to the excise board for its approval, but a new estimate which included no item for teacher's salary was presented to and approved by the excise board on October 18, 1929. No appropriation was made for teacher's salary.

The eleven specifications of error of the defendant present but one question necessary for determination by this court, which is, Was the teacher's contract binding upon the defendant school district, in the absence of an appropriation for that purpose? That question must be answered in the negative, under the authority of section 10367, C. O. S. 1921, the statute in force relative to employing teachers in district schools at the time the contract in question was executed; section 5955, O. S. 1931 (section 8638, C. O. S. 1921), which was in force and effect when the teacher's contract in question was executed; section 26, article 10, of the Constitution of Oklahoma; Lacy et al. v. Board of Education, 98 Okla. 237, 224 P. 712; School Dist. No. 2 ex rel. Hixon et al. v. Gossett, Co. Atty., 140 Okla. 243, 283 P. 249; Wilson v. Oklahoma City, 120 Okla. 266, 251 P. 484; Board of Ed. of School Dist. No. 47½ v. Jacobs et al., 134 Okla. 101, 272 P. 360, and Faught v. City of Sapulpa, 145 Okla. 164, 292 P. 15.

The judgment of the trial court, not being sustained by any competent evidence, is reversed and the cause is remanded, with directions to dismiss the action.

RILEY, C. J., CULLISON, V. C. J., and OSBORN and BUSBY, JJ., concur.