**HARRISON v. CUMMINGS et al.**

No. 13170—Opinion Filed Nov. 12, 1924.

(Syllabus.)

**1 Appeal and Error—Review—Sufficiency of Evidence.**

In a law action tried to the court without a jury, where there is evidence reasonably tending to support the findings of the court the Supreme Court will not reverse the case for insufficient evidence.

**2. Oil and Gas—Action by Lessor Against Lessee for Price of Gas Used off Premises —General Denial—Issues.**

In an action by the lessor of an oil lease against the lessee to recover the contract price for gas produced from oil wells and used off the premises as provided for in the lease contract. the filing of a general denial by defendant does not raise the issue as to whether or not the use of said gas for the manufacture of gasoline was within the contemplation of the parties at the time of making the contract.

**3. Appeal and Error—Change of Theory on Appeal.**

Parties will not be permitted to present their case here upon a different theory, nor will this court try the case upon a different theory from that followed in the trial court.

**4. Judgment Sustained.**

Record examined, and held, that the evidence reasonably supports the finding of the trial court.

Error from District Court, Tulsa County; Albert C. Hunt, Judge.

Action by R. L. Cummings and Addie Cummings against M. A. Harrison et al. Judgment for plaintiffs, and defendant Harrison appeals, Affirmed.

Kopplin & Jameson, for plaintiff in error.

Benjamin C. Conner and Harry A. Tallman, for defendants in error.

MASON. J. R. L. Cummings and Addie Cummings commenced this action in the district court of Tulsa county, Okla., against J. C. Kavanaugh and M. A. Harrison, and the Central National Bank of Tulsa, to collect from the defendants the sum of $802.73.

The petition alleged that the plaintiffs were the owners of certain lands and that Kavanaugh and Harrison were the owners of an oil and gas lease thereon and that said lease provided as follows:

"To pay the lessor for gas produced from any oil well and used off the premises at the rate of $50.00 per year, for the time during which such gas shall be used. said payments to be made each three months in advance."

It was alleged that six oil wells produced gas and the defendants used the same off the premises for a period of two and one-half years and failed to pay the plaintiffs for the same.

The Central National Bank held an interest in said lease as security to secure a lien. The defendant Harrison answered by way of general denial, admitting that he owned the lease, but denying that any gas had been used off the premises. Kavanaugh made default and judgment was rendered against him by default. The case was tried to the court without a jury. The court rendered judgment in favor of the plaintiffs and against the defendant M. A. Harrison, and rendered judgment in favor of the Cen-

tral National Bank. From said judgment, M. A. Harrison appeals.

For reversal, it is first contended that the judgment of the court is not sustained by sufficient evidence. The plaintiffs introduced evidence to support the allegations of the petition that there were six oil wells on the land that produced gas, and that the defendant connected said wells with a pipeline and piped said gas off the premises from February, 1918, until date of the suit, except as to one well from which gas was taken for about two years, and that the defendant had never paid for any of said gas.

This being a law action tried by the court without a jury, and there being evidence reasonably tending to support the finding of the court, it cannot be said that the judgment of the court is not sustained by sufficient evidence, and the same will not be disturbed by this court.

Plaintiff in error contends that under the holding of this court in the cases of Hammett Oil Co. v. Gypsy Oil Co., 95 Okla. 235, 218 Pac. 501, and Smith v. Pulaski, 88 Okla. 47, 211 Pac. 1047, the gas having been sold by the lessee to another company for the purpose of manufacturing casinghead gasoline, the plaintiffs are not entitled to recover under the contract. The plaintiff in error in this case presented no such issue as was presented in those cases. The question of whether or not gas taken from an oil well and used off the premises for the purpose of manufacturing casinghead gasoline was oil or gas, was not raised by the pleadings in this case, nor is it properly presented by the plaintiff in error in this court. The question of whether or not the lessee must pay for gas taken from an oil well under the lease contract, or whether or not he has a right to take the gas and use it for a certain purpose, depends upon the wording of the contract, or it may depend upon the construction the parties give such lease contract at the time of executing the same. There are many issues that may arise in cases of this kind and character. but in a case where the lease provides that the lessee shall pay the lessor a stipulated amount for gas produced from an oil well and used off the premises, and where the lessee simply enters a general denial, denying that he has taken the gas or used the same, and where the plaintiff produces evidence that the oil wells produced gas and that the defendant piped the same off the premises, the plaintiff has made out a prima facie case.

If the defendant contends or attempts to raise the issue that the manner of use he placed the gas to was not within the terms of the contract, nor within the contemplation of the parties at the time of making the contract, it is necessary for him to raise that issue and introduce evidence in support thereof, but in the case at bar no such issue was raised.. This question, under the pleadings, does not become an issue of fact in this case.

The parties will not be permitted to present their case here upon a different theory, nor will this court try the case upon a different theory from that followed in the trial court.

The judgment of the trial court is affirmed.

McNEILL, C. J., and HARRISON, JOHNSON, BRANSON, and GORDON, JJ., concur.