## COOPER et al. v. JACKSON et al.

No. 13843—Opinion Filed Dec. 2, 1924.

**1. Attorney and Client—Attorneys' Fees—Recovery from Adverse Party.**

In an action under section 4102, Comp. Stat. 1921, to recover an attorney's fee from an adverse litigant, it is necessary for plaintiff to show that the litigation has been compromised and settled without notice or opportunity for plaintiff to be present and present the cause on its merits.

**2. Trial—Demurrer to Evidence — When Proper.**

Where the plaintiff fails to establish sufficient facts to entitle him to a recovery, but, on the contrary, proves a state of facts that precludes him from recovering, a demurrer to the evidence of plaintiff is properly sustained.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, McIntosh County; Harve L. Melton, Judge.

Action by John T. Cooper et al. against Fannie Jackson et al. Judgment for defendants. Plaintiffs appeal. Affirmed.

Neff & Neff, for plaintiffs in error.

J. G. Schofield, for defendants in error.

Opinion by ESTES, C. Parties appear in the same order as in the trial court. John T. Cooper, William Neff, and L. E. Neff, attorneys, sued Fannie Jackson, William Jackson, Eastman Richards, J. B. Lucas, and Britton H. Tabor to recover an one-half interest in 80 acres of land and $5,000 for legal services. The action was brought under section 4102, Comp. Stat. 1921, providing that should a party to an action, whose interests are adverse to the client contracting with an attorney, settle or compromise the cause of action or claim wherein is involved an attorney's lien without the attorney having notice and opportunity to be present at such settlement, said adverse party shall become liable to the attorney for the fee due him, or to become due him, under his employment, and that such attorney may enforce his lien by an action filed within one year after he becomes aware of the compromise. Judgment was for defendants on demurrer to the evidence, and plaintiffs prosecute error.

Plaintiff Cooper had theretofore filed a suit for Fannie Jackson against her co-defendants herein. The basis of that suit was an alleged rape on said Fannie by said

Richards. The other defendants in such former suit were incidental on account of title to the real estate involved. The suit was for the recovery of the 80 acres of land and $10,000. Mr. Cooper prepared and filed that cause under written contract with said Fannie providing for a contingent fee of one-half of the land and other things of value recovered. He complied with the statute for giving notice of his lien claimed. Before said cause came to trial, same was dismissed with prejudice by said Fannie through another attorney without the knowledge or consent of Mr. Cooper. The instant suit is predicated on the allegation that such dismissal of said former suit was on a compromise and settlement between said Fannie and her codefendants herein without notice or opportunity for Mr. Cooper to be present and present the case on its merits. The other plaintiffs, Neff & Neff, became associated with Mr. Cooper in these cases. Plaintiff, to sustain such issue, produced some of the defendants and others, each of whom testified, in substance, that there was no settlement whatsoever or compromise of such former suit. There was not a scintilla of direct evidence of such settlement. No good purpose would be served by reference to the ugly charges which arose on the trial. Plaintiffs contended that the execution of certain deeds, a mortgage, and other transactions with reference to said real estate by and among said Fannie's codefendants herein, about the time of the dismissal of said former suit, constituted circumstantial evidence of a collusive agreement to settle the former suit. These transactions were explained as bona fide by the witnesses of plaintiffs. Mr. Cooper, testifying in his own behalf, showed only that said Fannie understood the contents of her petition in said former suit, and that he prepared and filed the same in good faith. He was corroborated by the notary public before whom said Fannie verified the petition. The latter, in her testimony, had impugned the motives and conduct of Cooper in bringing her former suit. Whether said Fannie was liable to said Cooper for wrongfully preventing him from performing the duties for which she had employed him, under the rules of this court in White v. American Law Book Co., decided Jan. 29, 1924 [petition for rehearing pending], is not here involved. The instant suit is not on that theory.

Under the statute aforesaid, under which this action was brought, it was necessary for plaintiffs to show that such former suit had been compromised and settled without notice or opportunity for plaintiffs to be present and present the case on its merits, Whitehead v. Spriggs, 58 Okla. 42, 158 Pac. 439. Where a plaintiff fails to establish sufficient facts to entitle him to a recovery, but on the contrary proves a state of facts that precludes him from recovering, a demurrer to the evidence of plaintiff is properly sustained. Williams v. Williams, 87 Okla. 195, 209 Pac. 769. On the demurrer of defendants, the trial court could only sustain same and direct verdict against plaintiffs.

It is recommended that the judgment be affirmed.

By the Court: It is so ordered.