**MILLER v. GIERMANN et al.**

No. 16525—Opinion Filed May 11, 1926.

Rehearing Denied July 27, 1926.

**1. Trial—Compelling Parties to go to Trial —Waiver Under Ten Days Statute.**

While the parties, over their objection, may not be compelled to proceed to trial at a date earlier than ten days after the issues are made up, as provided by section 582, C. O. S. 1921, they may waive such right.

**2. Disposition of Cause.**

The record shows that plaintiff failed to establish sufficient facts to entitle him to recover, but precluded his recovery; and shows that judgment for defendants on demurrer to plaintiff's evidence was properly rendered.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Kingfisher County; James B. Cullison, Judge.

Action by George A. Miller against Charles Giermann et al. From a judgment for defendants, plaintiff appeals. Affirmed.

D. K. Cunningham, f r plaintiff in error.

E. M. Bradley, for defendants in error.

Opinion by ESTES, C. Plaintiff, Miller, 74 years old, had changed his name, being full brother to defendant, Giermann, 76 years. In this regrettable suit against his brother, lack of merit is exceeded only by persistence due, perhaps, to such relationship when love is turned to hate. Miller owned and farmed a half section of land in Kingfisher county, subject to a first mortgage of $6,500 and a second mortgage of $5,000, and owed other debts. In 1922, he was about to lose this farm on foreclosure for failure to pay principal, interest and taxes. Miller admits that his brother, Giermann, residing and now residing at Cleveland, O., on a certain agreement for repaying same, advanced and loaned $14,002.30, with which the indebtedness was liquidated, and Miller and wife executed to Giermann and wife, a warranty deed for the land, duly recorded, reciting a consideration of $13,900. Under this arrangement Miller farmed the land in 1922. Not having paid any part of the indebtedness, on February 9, 1923, Miller executed and delivered to Giermann and wife, a written agricultural lease on the land, for crop rent, expiring December 31, 1923, containing the usual covenants between landlord and tenant. On January 9, 1924, Miller, holding over after the expiration of his term, Giermann brought forcible entry and detainer against him in the justice of the peace court. Thereupon Miller brought the instant action in the district court, procuring injunction against further proceedings in the justice court on the ground that the title to the land was involved. Giermann filed answer and crosspetition on January 26, 1924, setting up the foregoing facts, and asked that the deed be declared a mortgage and foreclosed. Plaintiff, by amended petition, sought to offset by damages all amounts advanced by defendants and to quiet title to the land in himself. On March 5, 1924, Mrs. Giermann filed separate answer and cross-petition to the same effect, and demanded the same relief as Mr. Giermann. Mrs. Giermann having departed this life, the cause was duly revived in the name of Giermann as her executor. Pending the proceedings, the court appointed a receiver for the land. A jury was impaneled to try the cause. At the conclusion of plaintiff's testimony, consisting of 13 exhibits and the oral testimony of himself and two other witnesses, with the cross-examination, the court sustained demurrer of defendants, discharged the jury, considered the report of the receiver,

and rendered judgment for defendants against plaintiff for $17,652.42, with interest, attorney's fee and costs, decreeing said deed to be a mortgage securing same and ordering foreclosure. Plaintiff appeals. The main assignment of error is sustaining such demurrer.

The court found as to the several items of damages alleged by plaintiff against defendants, that no evidence was offered to support some of same, and that only incompetent evidence was offered to support the others. We concur in this finding and consider the assignments of error involving plaintiff's claim for damages so palpably without merit as not to challenge the attention of the court to pass upon same. The judgment of the court that plaintiff take nothing is correct.

On January 9, 1924, plaintiff made a written offer to defendant to repurchase, or buy back, the land, which was accepted by defendant but never carried out by plaintiff. It was provided that the purchase price was to cover all money that defendant had expended for plaintiff, together with interest and taxes, and was estimated by plaintiff to be about $17,000. The instrument further provided that if the plaintiff did not perform same by October of 1924, he waived "any other claim he may have against this tract of land, or Charles Giermann, or his heirs." It thus appears that plaintiff was claiming an equity in the land, although he had theretofore executed said deed absolute in form, to Giermann and wife, clearly for the purpose of securing the indebtedness. Since plaintiff, Miller, did not show himself entitled to recoup in damages against defendants, it remained only for the court to determine the amount of indebtedness due from plaintiff to defendants, declare the deed a mortgage, and order foreclosure, as was done by the learned court. Said written offer, acknowledging an indebtedness of $17,000 to defendants, corroborated by other exhibits and oral admissions of plaintiff to the same effect, constituted ample evidence to support the judgment, and same is not excessive. There was, therefore, no error in sustaining the demurrer to the evidence.

Plaintiff contends that the court erred in forcing plaintiff to trial before the expiration of ten days after the issues were made up. To compel parties, over their objection, to proceed to trial at a date earlier than ten days after the issues are made up, as provided by section 582, C. O. S. 1921, is a denial of a substantial right and is prejudicial. Harn et ux. v. Interstate Building & Loan Co. et al., 68 Okla. 227, 172 Pac. 1081. As stated therein, the purpose of the statute is to secure to the parties to the action a reasonable time after the issues are joined, in which to secure witnesses and to prepare for trial, but this may be waived.

On February 2, 1924, plaintiff stipulated that he would file an amended petition and make Mrs. Giermann defendant, recognizing that the defense of Mrs. Giermann would be the same as that of Giermann, and stipulated that the answer and cross-petition of Giermann, already on file, should be considered as an answer and cross-petition to his amended petition when filed. On February 12, 1924, plaintiff filed such amended petition. A formal answer and cross-petition of Mrs. Giermann was filed March 5, 1924, adopting the answer and cross-petition of Giermann. Thereafter, Mrs. Giermann having departed this life, the action was duly revived in the name of Giermann as her executor. After plaintiff procured several continuances, the cause came on for trial, according to the record of the judgment, on December 19, 1924. On December 23, 1924, during the progress of the trial, defendant Giermann, for the sake of the regularity of the record, filed his answer and cross-petition as such executor, being simply an adoption of the answer of his deceased wife filed in March of that year. Plaintiff, Miller, on the same day filed his reply of general denial and certain additional claims for damages against defendants. He made no objection to the filing of said pleading by Giermann as executor, but sought continuance of the trial under the said ten days' statute, and also on the ground of absent witnesses. The court found, as shown by the record, that the case had been continued several times upon the application of plaintiff, on the ground that plaintiff could not get his witnesses; that the jury had been retained specially by the agreement of the attorneys for both parties to try the case at that time; that plaintiff had never paid or secured any costs in filing or prosecuting the case; that plaintiff had made no effort at any time to secure the attendance of his witnesses, and made no showing of what they would testify, if present. We hold that the plaintiff waived any right he may have had to be put to trial earlier than ten days after the filing of said answer and cross-petition of the executor, and that there was no abuse of discretion in refusing continuance on account of absent witnesses because of the

lack of diligence of plaintiff in procuring such witnesses. The record shows that the court indulged sympathy and patience for the misfortune of plaintiff, but could not have done otherwise than was done, with due regard to the law and the rights of defendants.

We do not deem other assignments of error sufficiently material to require notice. It is elementary that where plaintiff fails to establish sufficient facts to entitle him to recover, it precludes his recovery; and of defendant's evidence further establishes a cause of action against plaintiff, the court should sustain demurrer to plaintiff's evidence and render judgment for defendant. Cooper et al. v. Jackson et al., 104 Okla. 277, 231 Pac. 223.

Let the judgment be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 38 Cyc. p. 1281. (2) 38 Cyc. p. 1547.