## OKLAHOMA CITY v. COOMBS et al.

No. 16995. Opinion Filed June 14, 1927.

(Syllabus.)

**1. Evidence—Presumption that Officers Perform Duties.**

It is a presumption of the law that all public officers perform their duties, and in the absence of clear proof to the contrary this court will refuse to hold that they did not do so in contracting claims against municipalities.

**2. Municipal Corporations—Action on Claim —Burden of Proof to Establish Illegality of Written Contract.**

The execution of a written contract by, a municipality is prima facie evidence of the validity thereof, and of any claim arising thereunder, and if in any action instituted against such municipality to enforce the terms of the contract the municipality asserts as a defense a violation of some constitutional or statutory provision, the burden of proof is upon the municipality to clearly establish by competent evidence that at the time the debt was created under the terms of said contract, the governing body of the municipality violated the provisions of the Constitution or section of the statute relied upon.

**3. Contracts—Estoppel of Party to Change Interpretation of Contract as Acted Upon.**

Where a party to a contract complies with the condition in part under a particular interpretation thereof, as in the instant case, it will not thereafter be permitted to assert another and different interpretation of the terms of the contract in order to avoid the compliance with the full terms thereof.

**4. Appeal and Error—Theory of Case as Tried Binding Upon Appeal.**

Parties will not be permitted to present their case here upon a different theory, nor will this court try the case upon a different theory, from that followed in the trial court.

**5. Appeal and Error—Questions of Fact— Conclusiveness of Verdict.**

When questions of fact are submitted to a jury for its determination under proper instructions, the finding of such jury will not be disturbed on appeal if there is any evidence reasonably tending to support the verdict.

Error from District Court, Oklahoma County; T. G. Chambers, Judge.

Action by Fred S. Coombs and Antoine L. Kessler, executor and executrix of the estate of George E. Kessler. deceased, against the City of Oklahoma City. Judgment for plaintiffs, and defendant city brings error. Affirmed.

John Frank Martin, Municipal Counselor, and Robert E. Wood, and Bliss Kelly, Assts. Municipal Counselor, for plaintiff in error.

Twyford & Smith, for defendants in error.

PER CURIAM. This action was instituted in the district court of Oklahoma county by the defendants in error, as plaintiffs, against plaintiff in error, as defendant. The plaintiffs, Fred S. Coombs and Antoine L. Kessler, were executor and executrix of the estate of George E. Kessler, deceased, and this action was to recover the sum of $6.000 for services rendered by George E. Kessler to the appellant, the city of Oklahoma City,

under the terms of a certain contract entered into by the said George E. Kessler and the appellant, by J. C. Walton, mayor, wherein the said George E. Kessler was to act as consulting engineer by devising ways and means of governing the growth of Oklahoma City in the nature of city planning. Under the terms of the contract Kessler was to receive $6,000 for services to be rendered, and an additional amount not to exceed $4,000 for expenditures incurred, or to be incurred, in the discharge of his duties as consulting engineer of said city, "Said salary and expenditures to be paid out of a bond issue, or in some other manner as may be otherwise provided."

To plaintiffs' petition the defendant filed its answer, denying generally all of the allegations of plaintiffs' petition, and further answering, averred that no funds existed or were ever created out of which the expenses to be incurred by reason of the contract pleaded by plaintiffs might be paid, and that there was and is no such available fund, and that said contract is void for the reason it was in violation of the provisions of the Constitution and statutes of this state.

Upon the trial of the case to the court and jury, judgment was rendered in favor of the plaintiffs and against the defendant for the amount sued for, to wit, $6,000.

Appellant prosecuted this appeal and sets forth various specifications of error upon which it relies for a reversal of the judgment.

The first proposition urged by the appellant is that the contract was void because there was no appropriation made or fund existing at the time the contract was entered into, out of which the sum sued for under the terms of the contract could have been paid.

Evidence was introduced by both the plaintiffs and the defendant upon the question of whether or not there were any funds out of which this claim could have been paid, and the question of fact involved was submitted to the jury under the following instruction:

"You are instructed that under the laws of this state, a city cannot become indebted in any manner for any purpose to any amount exceeding in any year the income and revenue provided for such year. The defendant in this case claims that this contract is illegal and cannot be enforced for the reason that the income and revenue provided for the year commencing July 1, 1919, and ending June 30, 1920, did exceed its indebtedness in excess of $6,000, and in this connection you are instructed that the burden is upon the the defendant to prove by a preponderance of the evidence that the defendant did not have $6,000 in excess of the difference between the indebtedness and income and revenue provided for this year, ending June 30, 1920. If you believe from the evidence that the defendant has established this fact by a preponderance of the evidence, then your verdict should be for the defendant; otherwise the court instructs you the contract sued upon in this case is a valid contract."

No exceptions were taken to this instruction by the defendant in the trial court. The instruction given rightfully places the burden upon the defendant to prove the invalidity of the contract by reason of a want of funds out of which to pay the same.

It is contended by the plaintiff in error that the contract was made at a time when no appropriation or estimate had been made for the purpose set forth in the contract. That the contract came under the engineering department of Oklahoma City and that each item of appropriation or estimate set forth in the appropriation in that department was for a specific purpose together with the amount of money appropriated for such specific purpose, and that there were not sufficient funds in the estimate to pay the $6,000 provided for in the contract sued on.

The contract sued on is a special contract, which we think cannot be limited to that classification. In the case of Hamilton Township, Okmulgee County, v. Underwood, 81 Okla. 256, 198 Pac. 300, this court laid down the rule that:

"It is a presumption of law that all public officers perform their duties, and in the absence of clear proof to the contrary, this court will refuse to hold that they did not do so in issuing warrants for claims against municipalities.

"A municipal warrant is prima facie evidence of the validity of the claim for which it was issued, and if in an action instituted by the owner and holder thereof the municipality asserts as a defense a violation of some constitutional or statutory provision, the burden of proof is upon the municipality to clearly establish by competent evidence that at the time the debt was created, for which said warrants were issued, the governing body of the municipality violated the provision of the Constitution or section of the statute relied upon."

In that case the warrants sued on were given for the purchase of machinery where there was no item, to the amount of the

purchase, in the estimate made and approved for the purchase of the machinery; the court further found that there were funds unexpended by said township in excess of the aggregate amount of the purchase at the time the contract of purchase was made, and rendered judgment for the amount, and upon an appeal to this court the judgment of the lower court was affirmed. The action of the court in that case is decisive of the question before the court in the instant case. The evidence shows, and the jury so found by their general verdict, that there were unexpended funds in excess of the sum of $6,000 in the revenue provided for the year in which the contract was made. It is a well-settled rule of law that where there is competent evidence submitted upon the question of fact, the finding of the jury is binding upon that question.

Under the second proposition upon which the plaintiff in error seeks to reverse this case, the plaintiff in error insists the contract itself shows that the amount sued for was to be paid out of a bond issue, and that part of the contract relied upon for this interpretation is as follows:

"And said salary and expenditure to be paid out of the bond issue or some other manner as may be otherwise provided."

The evidence shows that the "expenditure" amounted to the sum of $5,704.96, and that the same was paid out of the general fund of the treasury of the plaintiff in error, which action upon the part of the plaintiff in error shows that it did not at the time place such an interpretation upon the contract, and further shows that the plaintiff in error did not interpret the contract as coming strictly under the engineering department of Oklahoma City.

The plaintiff in error accepted the services of George E. Kessler, approved and retained the maps drawn by him for future guidance in city planning; approved and paid, out of the general funds of the city, the items of expenditure provided for in the contract, thereby interpreting the consideration therefor to be payable out of the general fund. It cannot now assert another and different interpretation to avoid payment for the services rendered where the contract provides for the payment of the salary and expenditures out of the same fund.

The third proposition presented by the plaintiff in error to reverse this cause is that the contract is ultra vires and not authorized by any statute or charter provision, but is in conflict with the provisions of the charter of Oklahoma City.

The question was not presented to the trial court by the answer filed in said cause. The objection being made to the validity of the contract, as shown in the answer filed in the trial court, was that it was in violation of the Constitution, in that the city was not allowed by law to become indebted in any manner or for any purpose in any amount exceeding in any year the income or revenue provided for such year without a vote of the people at an election held for that purpose, and which defense is urged and presented under the first assignment of error set forth in plaintiff in error's brief. No amendments were made to this pleading in the trial court whereby this question could be presented. Any evidence introduced in the trial of the cause upon that question would be incompetent and not material to the issues, and cannot be considered by this court.

"Parties will not be permitted to present their case here upon a different theory, nor will this court try the case upon a different theory from that followed in the trial court." Harrison v. Cummings et al., 107 Okla. 98, 230 Pac. 702.

It is further contended that the evidence does not show that the contract sued on was ever complied with by the decedent of defendants in error. This question was submitted to the jury under proper instruction, and the jury by their general verdict found for the plaintiffs in the full amount sued for.

Competent evidence was introduced in the trial court tending to prove the quality and amount of services rendered by the decedent of defendants in error under this contract, and the verdict of the jury therein is conclusive of that question.

"When questions of fact are submitted to a jury for its determination under proper instructions, the finding of such jury will not be disturbed on appeal if there is any evidence reasonably tending to support the verdict." Pfenninghausen v. Horinek, 112 Okla. 94, 240 Pac. 81.

The issues joined in the trial court were submitted to the jury under proper instructions, the verdict of the jury is supported by competent evidence, and the judgment of the court rendered upon the verdict is therefore affirmed.

Note.—See under (1) 22 C. J. p. 130, §69; 22 R. C. L. p. 472; 4 R. C. L. Supp. p. 1467; 5 R. C. L. Supp. p. 1206; 6 R. C. L. Supp. p. 1328. (2) 28 Cyc. p. 675. (3) 13