TOWN OF RED FORK v. GANTT-BAKER CO., Inc.

No. 17869. Opinion Filed Feb. 28, 1928.

Rehearing Denied April 17, 1928.

(Syllabus.)

1. Municipal Corporations—Dealings with Municipalities with Notice of Legal Limitations on Powers.

Whoever deals with a municipality does so with notice of the limitations on it or its agents' powers. All are presumed to know the law, and those who contract with it, or furnish it supplies, do so with reference to the law; and if they go beyond the limitations imposed they do so at their peril.

2. Same—Constitutional Limitations on Expenditures.

The intention and plain purpose of section 26, art. 10, of the Constitution, is to require municipalities to carry on their corporate operations upon the cash or pay as you go plan. The revenues of each year must take care of the expenditures of such year; and any liability sought to be incurred

by contract, express or implied, executed or executory, in excess of such current revenue in hand, or legally levied, is void, unless it be authorized by a vote of the people, and within the limitations therein provided.

3. Same—Invalidity of Contract with Engineer for Contemplated Waterworks Improvement Before Any Funds Available.

Where a party enters into a contract with a town through its trustees, without the assent of the voters thereof, conditioned that such party shall perform engineering service for the town, on contemplated waterworks improvements, the pay for such service being based upon a percentage of the cost of such improvements, and limited to, contingent upon, and payable out of funds to be derived from a bond issue by the town, not voted upon or authorized at the date of entering into such contract, and it appearing there were no funds or levy available to pay for such service at date of contract, held that such contract attempted to create a present indebtedness against the town and was in conflict with section 26, art. 10, of the Constitution, and therefore void.

Record examined, and held, the plaintiff failed to prove and establish a cause of action, and that the trial court should have sustained defendant's demurrer thereto.

Commissioners' Opinion, Division No. 1.

Error from District Court, Tulsa County; Edwin R. McNeill, Judge.

Action by the Gantt-Baker Company, Inc., against the Town of Red Fork, to recover engineer's fees alleged to be due under contract. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

F. B. Dillard, for plaintiff in error.

R. E. Gish, for defendant in error.

LEACH, C. Defendant in error, Gantt-Baker Company, Inc., commenced this action against plaintiff in error, the town of Red Fork, a municipal corporation, and sought to recover from the town the sum of $2,265, alleging in its petition, in substance, that on the 1st day of April, 1925, it submitted to the defendant, the town, a proposal in writing to perform certain work as engineers in connection with the installation of waterworks improvements for said town; that such proposal was approved and accepted by the town by and through its board of trustees in official meeting; that thereafter, on the 7th day of April, the citizens of the town voted a bond issue in the sum of $50,000 to be used for the purpose of paying for the work and material necessary for the construction of said waterworks improvements, and, for the payment of the services and work performed and to be performed by the plaintiff under its said contract with defendant; that the proceeds

of the bond issue were received by the town, and were in its possession at the time of the performance of the work under the contract by plaintiff; that on August 17th, defendant breached its contract with plaintiff, and refused to permit plaintiff to continue the performance of the contract; that it prepared all necessary maps for the requirements of the improvements, made written reports and specifications for the work to be performed, furnished guaranteed estimate of the cost of the improvements in the sum of $47,500, and rendered the services required as engineer; that prior to the time of repudiation of the contract, plaintiff had earned and was entitled to recover payment of three per cent. of the cost of said work, and is entitled to recover the full amount due under the contract by reason of the refusal of defendant to permit plaintiff to continue and complete the performance of the contract, alleged damages, and prayed recovery of the amount stated. Attached to the petition was the proposal and contract referred to, which proposal is dated April 1, 1925, contains seven paragraphs, proposing to serve the town as engineers "on your proposed waterworks improvement," to make all necessary maps, drawings, blue prints, surveys, etc., necessary to determine the requirements for the work, make written reports and detail specifications, guaranteed estimate of cost of work and material, and approval of the State Board of Health; paragraphs 6 and 7 thereof being:

"For the above services, we are to receive 5 per cent. of the entire cost of the work, to be paid as follows:

"Two per cent. when the plans are completed, the contract awarded and funds are available; and one per cent. 30 days after the work is started; balance to be paid when the plant is complete and in operation.

"In the event your bond issue, which you are to call within——days from the date of the final plans fails to carry, you will owe us nothing for this work."

Following the proposal appears the indorsement:

"Approved and accepted this 1st day of April, 1925.

"W. A. Miller, Pres Board of "Trustees. Attest: W. S. "Fasholtz."

The defendant, the town, filed its demurrer to plaintiff's petition on the ground that the same did not state facts sufficient to constitute a cause of action, which demurrer was overruled, exceptions allowed, and thereafter the town filed its verified answer, consisting of a general denial of each and every

material allegation; admitted its incorporation, and that the citizens of the town voted a bond issue for the purpose of making waterworks extensions, alleged that the approval of the proposal was never authorized by the board of trustees of the town at any regular or special meeting; that such acceptance was void; that the proposal was accepted by the board of trustees, and approved as a proposal and not as a contract, and with the understanding by the members of the board that were present, as individuals, that a later meeting would be had with the plaintiff for the purpose of entering into a contract.

Upon trial of the issues, after plaintiff introduced its evidence, defendant, the town, interposed a demurrer thereto on the ground that the same was insufficient, as a matter of law and fact, to constitute or establish a cause of action in favor of plaintiff, which demurrer was overruled, and after the further introduction of testimony on behalf of defendant and plaintiff, the court instructed the jury that the proposal submitted to the town and the acceptance thereof by the trustees constituted a contract between the parties; that the burden of proof was upon the plaintiff to establish its material allegations by a preponderance of the evidence, and that if the jury believed the plaintiff substantially complied with all the terms and conditions of the contract, and was ready and willing to comply with the terms and conditions, and was prevented from the performance thereof, then their verdict should be for the plaintiff in the amount sued for, otherwise for defendant. A verdict was rendered in favor of plaintiff. Motion for new trial was filed by defendant, among the grounds therefor being error of the court in overruling defendant's demurrers to plaintiff's petition and evidence; that the verdict is not sustained by the evidence; that the alleged contract sued upon was void under the Constitution and laws of the state; tendered with the motion and a part thereof was the affidavit of the town clerk in which it was stated that the tax levied for the general fund of the town of Red Fork for the fiscal year ending June 30, 1925, was $2,119; that on April 1, 1925, all the funds under said levy had been expended except $426.78; that no levy had been made; no bonds or other provisions made to pay the amount claimed under the alleged contract by plaintiff.

Motion for new trial was overruled and defendant brings the cause here for review. Numerous assignments of error are set out as grounds for reversal, among such being:

Error of the court in overruling defendant's demurrer to plaintiff's petition; errors of law occurring at the trial; that the verdict is not sustained by sufficient evidence, and is contrary to law, and error in overruling defendant's motion for new trial on the grounds therein alleged.

Plaintiff in error in its brief says: "If we admit for the sake of argument that the proposal attached as an exhibit to plaintiff's petition was regularly entered into as provided by law, as a contract between the parties, said contract would have been void because the proposal on its face shows that the proceeds of the bond issue out of which it was agreed that the plaintiff should be paid for its work had not been authorized by a vote of the people; that when the proposal was accepted the provisions of section 26, art. 10, of the Constitution had not been complied with—and cites the case of O'Neil Engineering Co. v. Incorporated Town of Ryan, 32 Okla. 738, 124 Pac. 19, as authority in support of its contention.

It is urged by the defendant in error that such construction should not be placed upon the proposal and contract; and it says that the pleadings and record do not show there were no funds or levy, besides the proceeds of the bonds from which the engineer's fees might have been paid; that it was the duty of the town, the defendant, to allege and prove there were no funds available with which to pay the engineer's fees, at the date of the contract; that the theory and defense presented on appeal was not suggested until motion for new trial was filed, nor was it relied upon at the trial, and therefore is not available here.

It will be observed from plaintiff's petition that it is alleged:

"That the town voted a bond issue to be used for the purpose of paying for the work and material necessary and proper for the construction of said waterworks improvements, and for the payment of the services and work performed and to be performed by the plaintiff, under its said contract with the defendant."

The proposal and contract specified that plaintiff was to receive 5 per cent. of the entire cost of the work, 2 per cent. thereof to be paid when the plans were complete and the contract awarded and **funds are available.** The record discloses that counsel for the plaintiff, in his opening statement, read to the jury the proposal or alleged contract, following which he read paragraph 3 of the petition which contained the allegation that the town voted bonds to be used for the purpose of paying for the work and material

necessary for construction of the waterworks improvements, and for the payment of the services and work performed and to be performed by the plaintiff under its contract with the defendant, following which he made the statement to the jury:

"In other words, to make that clear, here was a contract in which it was provided that the matter of the indebtedness would be submitted to an election, and that they would owe us nothing unless the election carried, unless the bond issue carried, and we allege the election was called and the bond issue carried and the money was raised. * * *"

There is no contention made that the proposal or contract sued upon was ever submitted to the voters of the town, it appearing from the record that the election upon the question of voting the bonds had been called prior to the date of the proposal. The record discloses that considerable estimates, plans, maps, and survey, and other work, had been done and performed by the plaintiff prior to the election on the bond issue; that following the bond election there was a change in the membership of the town board, and, after the date of receipt of bids on the improvements, the services of plaintiff were declined and another engineer employed.

Plaintiff introduced in its case in chief, W. A. Miller, who approved and signed the proposal or contract on behalf of the town, as president of the board of trustees, who testified as follows:

"Q. Now, then, was there any other instrument other than this proposal that your board had with the plaintiff under which they were acting for the board?

"A. No other instrument, no, nothing, only just a supposition or verbal conversation that we had, that the appropriation was out, as soon as the bond was carried, then we would enter into a contract with Gantt-Baker to go ahead with their work. * * *

"Q. In other words, you didn't want to be —you told him that you didn't want to be bound to pay the engineering fees if the bonds weren't voted?

"A. Well, I don't know that I ever told him anything like that, because when he presented that proposal, that was incorporated in the proposal, the proposal satisfied me in that manner.

"Q. But state whether or not you knew at the time of making this contract that it would not be legal for the board to incur expenses in excess of the moneys that were provided for that purpose.

"A. I knew it wouldn't be possible, whether it would be legal or not."

The trial court, in stating the issues to

the jury in his instructions, stated the same as was incorporated in plaintiff's petition:

"* * * That the town voted a bond issue to be used for the purpose of paying for the construction of the waterworks and for the payment of the services and work performed and to be performed by the plaintiff under its said contract with the defendant."

It appears to us, from an examination of the record, that it was the contention of the plaintiff, and the case tried upon that theory, that the fees of the engineer were to be paid out of the bond issue; that there were no funds except the proceeds from the bond issue with which to pay, nor authority authorizing the engineer's fees. While the proof is meagre upon that point, yet, upon an examination of the record, no other conclusion could well be reached, and we are justified in saying there was no estimate or funds provided with which the town could compensate and pay the plaintiff the sum and amount specified under the proposal sued upon, at the date of such contract.

The defendant in error here urged that the accepted proposal did not create any liability or indebtedness against the town until the bonds were voted. A similar contention was made in the case of O'Neil Engineering Co. v. Incorporated Town of Ryan, supra; also in the recent case of Flood v. Town of Shidler, 127 Okla. 148, 260 Pac. 52. In the Town of Shidler Case, the court quoted with approval the syllabus and from the body of the opinion in the Town of Ryan Case, as follows:

"Whoever deals with a municipality does so with notice of the limitations on it or its agents' powers. All are presumed to know the law and those who contract with it, or furnish it supplies, do so with reference to the law; and if they go beyond the limitations imposed they do so at their peril.

"The intention and plain purpose of section 26, art. 10, of the Constitution, is to require municipalities to carry on their corporate operations upon the cash or pay as you go plan. The revenues of each year must take care of the expenditures of such year; and any liability sought to be incurred by contract, express or implied, executed or executory, in excess of such current revenue in hand, or legally levied, is void, unless it be authorized by a vote of the people, and within the limitations therein provided."

In the body of the opinion, it was said:

· "We think the contract in this case attempted to impose a present obligation and liability upon defendant, notwithstanding the contingency as to payments to be made thereunder. So far as the city officers were concerned, nothing further was to be done by them. No option of any kind was to be exercised by them. The contract was not to be, and was not, submitted to the voters. It was plainly and manifestly the purpose and plan of the parties to anticipate the action of the voters—let the plaintiff in on the 'ground floor'—and in effect appropriate and expend the funds before they were provided. It would certainly be unfortunate, were we compelled to sustain the contention made by plaintiff.

"If the agents of this town could effectually dispose of $6,500, of this fund before it was authorized by an evasion of the restrictions of the Constitution, by the mere use of words, then they could, under the same doctrine, have contracted the expenditure of the entire $69,000 months before any authority was given to provide the funds. To hold so would mean that hereafter every corporate expenditure, dependent upon a vote of funds, would be contracted away to enterprising concerns months, and, perhaps, years, before the funds were voted. * * * This ought not and must not be permitted. It is contrary to the real intent of the provision discussed, and to the spirit and policy running through the entire Constitution.

"From the foregoing, we must conclude that the contract sued on by the plaintiff herein was in conflict with the provisions of section 26, art. 10, of the Constitution of Oklahoma, and was void and unenforceable."

The issues decided in the above foregoing cases are very similar to the case at bar, involving engineer's fees, and we consider them decisive of the main and important question here. It appears that the contract sued upon in the instant case, under the holdings in the cases cited, in effect, was to incur a present obligation or indebtedness against the defendant town, and was void, because there were no funds on hand or levy out of which payment could be made; no vote of the electors had authorized the creation of such obligation or indebtedness, as required by section 26, art. 10, of the Constitution.

Defendant in error contends that it made out a prima facie case by proving the contract and rendition of service thereunder, and the burden of proof was upon the town to establish there was no fund or levy to pay the plaintiff's claim, and cites the case of Fabric Fire Hose Co. v. Town of Caddo, 59 Okla. 89, 158 Pac. 350, and cases there cited, also State Bank of Miami v. City of Miami, 43 Okla. 809, 144 Pac. 597, in support of its contention. The facts in the Town of Caddo Case show that some of the indebtedness sued upon was a town warrant and that the parties entered into a compromise settlement. The other cases cited appear to be suits upon municipal warrants which are held to be prima facie evidence of the

validity of the claim for which they are issued. Hamilton Twp., Okmulgee Co., v. Underwood, 81 Okla. 256, 198 Pac. 300. Authority for part of holding in the case of Oklahoma City v. Coombs, 125 Okla. 194, 257 Pac. 295, appears to be taken from the case of Hamilton Twp. v. Underwood, supra, Case, which involved township warrants. The cases supporting the contention of defendant in error, that burden was upon the defendant below to prove the illegality of the contract, appear to be principally those based upon actions involving recovery upon warrants issued by a municipality. At any rate, we consider the record in the case at bar to show that the contract sought to be enforced provided that the engineer's fees were to be paid out of the proceeds of a bond issue which had not been approved by the voters, and were not available at the date of the contract.

In the case of Dougherty-Nichols Construction Co. v. Town of Jenks, 115 Okla. 104, 242 Pac. 167, the syllabus reads:

"Whoever deals with a municipality does so with notice of the limitations on its or its agents' powers. All are presumed to know the law, and those who contract with it, or furnish it supplies, do so with reference to the law; and if they go beyond the limitations imposed, they do so at their peril.

"One who demands payment of a claim against a city must show some statute authorizing it, or that it arose from some contract, express or implied, which finds authority of law, and it is not sufficient that the services performed, for which payment was claimed, were beneficial."

See, also, Michael v. City of Atoka, 76 Okla. 266, 185 Pac. 96; Bd. of Com'rs of Noble Co. v. Whitten, 73 Okla. 160, 175 Pac. 112; Threadgill v. Peterson, 95 Okla. 187, 219 Pac. 389; Bd. of Com'rs v. Western Bank & Office Supply Co., 122 Okla. 244, 254 Pac. 741.

"A contract not in its origin obligatory upon the corporation, by reason of not having been made in the mode prescribed by the charter, cannot be affirmed and ratified in disregard of that mode by any subsequent action of the corporate authorities, and a liability be thereby fastened upon the corporation." U. S. Rubber Co. v. City of Tulsa, 103 Okla. 163, 229 Pac. 771.

See, also, Board of Com'rs of Tulsa County v. News Dispatch Co., 104 Okla. 260, 231 Pac. 250; Haskins & Sells v. Okla. City, 36 Okla. 57, 126 Pac. 204.

"A demurrer to the evidence searches the pleadings for the facts admitted as well as the evidence for the facts proved to determine whether or not the evidence is sufficient to entitle the plaintiff to the relief asked."

Tilghman v. Sykes, 103 Okla. 50, 229 Pac. 634.

"Where the plaintiff in making out her case in chief fails to prove sufficient facts to entitle her to recover, but on the contrary proves a state of facts that preclude her from recovering, and the defendant interposes a demurrer to the testimony of the plaintiff, such demurrer should be sustained." Williams v. Williams, 87 Okla. 195, 209 Pac. 769.

See, also, Miller v. Giermann, 119 Okla. 164, 248 Pac. 590; Cooper v. Jackson, 104 Okla. 277, 231 Pac. 223.

In view of the previous holding of the court, as shown by cases and authorities herein cited, and from an examination of the record in this case, it appears plaintiff failed to establish or prove a cause of action against the town, and that the defendant's demurrer to the plaintiff's evidence should have been sustained.

Plaintiff in error alleges and argues other errors in the trial of the cause, not hereinbefore mentioned, and among such attention is called to the provisions of chapter 106, Sess. Laws 1925, which prohibits the court from rendering any judgment against a municipality, except upon submission of certain proof respecting the indebtedness and funds of the municipality, which act was in effect at the time of rendition of judgment in this cause. The provisions of such act were not complied with, and it is urged that the judgment is void under the provisions of this act. Defendant in error contends that the act is not applicable to this action because not in force at date of contract, and that the act is unconstitutional and unenforceable by reason of its indefiniteness. In view of our holding herein, we do not deem it necessary to discuss and determine the merits of such contentions and issues, as this appeal is decided and disposed of upon other grounds.

For the reasons herein stated the cause is reversed and remanded, with instructions to set aside the judgment in favor of plaintiff and enter judgment for defendant.

BENNETT, TEEHEE, REID, and HERR, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 43 C. J. p. 203, §199; 19 R. C. L. p. 1061; 5 R. C. L. Supp. p. 1055; 6 R. C. L. Supp. p. 1157. (2) 43 C. J. p. 203, §199; 23 Cyc. pp. 1540, 1560; anno. 41 A. L. R. 790, 791; 19 R. C. L. 978; 6 R. C. L. Supp. p. 1152. (3) 43 C. J. p. 203, §199; 28 Cyc. p. 1540; 38 Cyc. p. 1547; anno. 37 L. R. A. (N. S.) 1058; L. R. A. 1917E, 437; 19 R. C. L. p. 979; 3 R. C. L. Supp. p. 989.