THE OFFICE OF THE ATTORNEY GENERAL HAS RECEIVED YOUR REQUEST FOR AN INFORMAL OPINION TO YOUR QUESTION:
 IS THE CURRENT "IMPLIED CONSENT" TEST WARNING A VALID WARNING WHEN IT OMITS ALL REFERENCE TO THE DUTY OF THE STATE TO RETAIN FOR SIXTY DAYS AN ADDITIONAL SAMPLE FOR THE SUBJECT, ON WHICH A SECOND, INDEPENDENT LABORATORY ANALYSIS MAY BE CONDUCTED AT THE OPTION AND EXPENSE OF THE SUBJECT.
YOUR REQUEST CALLS FOR A DETERMINATION OF FACTUAL ISSUES, WHICH IS INAPPROPRIATE FOR A OPINION FROM THIS OFFICE. HOWEVER, IN REGARD TO YOUR QUESTION, THE ADEQUACY OF THE LAW MAY BE REVIEWED IN LIGHT OF YOUR QUESTION.
THE CURRENT IMPLIED CONSENT TEST REQUEST WAS DRAFTED AND PLACED INTO USE ON THE 1ST OF NOVEMBER, 1988, IN ORDER TO REFLECT SUBSTANTIAL CHANGES MADE TO THE IMPLIED CONSENT LAW THAT WENT INTO EFFECT ON THAT DATE. IN ITS PRESENT FORM IT PROVIDES:
 1. YOU HAVE BEEN ARRESTED AND THE OFFICER HAS REASONABLE GROUNDS TO BELIEVE THAT YOU WERE DRIVING OR IN ACTUAL PHYSICAL CONTROL OF A MOTOR VEHICLE WHILE UNDER THE INFLUENCE OF INTOXICANTS.
 2. YOU ARE REQUESTED TO SUBMIT TO A TEST OR TESTS FOR THE PURPOSE OF DETERMINING THE PRESENCE AND CONCENTRATION OF INTOXICANTS IN YOUR BODY.
 3. THE TEST WILL BE A (BREATH BLOOD) TEST AND WILL BE ADMINISTERED AT NO COST TO YOU.
 4. IN ADDITION TO THIS TEST, YOU MAY AT YOUR OWN EXPENSE HAVE AN ADDITIONAL TEST OF YOUR CHOICE, PROVIDED THAT A SUFFICIENT QUANTITY OF ANY SPECIMEN OBTAINED SHALL BE AVAILABLE TO THE STATE FOR TESTING.
 5. YOU ARE NOT ENTITLED TO CONSULT WITH AN ATTORNEY PRIOR TO MAKING YOUR DECISION ON WHETHER OR NOT TO SUBMIT TO THE STATE'S TEST.
 6. YOU MAY REFUSE THE STATE'S TEST, BUT AS A CONSEQUENCE YOUR DRIVER'S LICENSE WILL BE REVOKED FOR A PERIOD OF 180 DAYS OR MORE BY THE DEPARTMENT OF PUBLIC SAFETY.
 7. IF YOU SUBMIT TO THE STATE'S TEST AND THE RESULT IS 0.10 OR MORE ALCOHOL CONCENTRATION, YOUR DRIVER'S LICENSE WILL BE REVOKED FOR 90 DAYS OR MORE BY THE DEPARTMENT OF PUBLIC SAFETY.
8. WILL YOU TAKE THE STATE'S TEST?
OKLAHOMA LAW PROVIDES FOR THE TESTING OF BREATH OR BLOOD OF A DRIVER ON OKLAHOMA ROADS UPON AN OFFICER'S REASONABLE GROUNDS TO BELIEVE THAT THE DRIVER HAD BEEN DRIVING OR IN ACTUAL PHYSICAL CONTROL OF A MOTOR VEHICLE WHILE UNDER THE INFLUENCE OF ALCOHOL OR DRUGS IN ORDER TO DETERMINE THE CONCENTRATION OF ALCOHOL OR DRUGS IN THE DRIVER. TITLE 47 O.S. 752, AMENDED EFFECTIVE THE 1ST DAY OF NOVEMBER, 1989, PROVIDES AUTHORITY AND PROCEDURE FOR THE STATE TO TEST BLOOD OR BREATH SAMPLES AND FOR AN ADDITIONAL AMOUNT TO BE TAKEN FOR THE USE OF THE LICENSEE.
IN THE MEMORANDUM ATTACHED TO YOUR LETTER, A QUESTION WAS RAISED AS TO CERTAIN PROBLEMS SURROUNDING EDWARDS V. STATE, 544 P.2D 60 (OKL. CR. 1976). UNFORTUNATELY, THE INADEQUACY OF THE CONCLUSION OF EDWARDS LEFT THE REQUIREMENTS PLACED ON THE ARRESTING AGENCY AND THE DEPARTMENT OF PUBLIC SAFETY BY THE STATUTE OPEN TO SPECULATION. HOWEVER, THE CASE OF FOY V. STATE, 533 P.2D 634 (OKL.CR. 1975), MAY BE OF USE TO SETTLE THE QUESTION. THE COURT IN FOY RECOGNIZED THAT THE LICENSEE'S RIGHT TO AN ADDITIONAL TEST HAS AS A CONDITION THAT IT IS THE LICENSEE'S BURDEN TO COMPLY WI H THE REQUIREMENTS WHICH ACCOMPANY THE ADDITIONAL TEST. A CASE WITH A SIMILAR RESULT WAS STATE V. STATE, 664 P.2D 1036 (CR. APP. 1983). IN TATE, THE OFFICER PROPERLY HAD WITHDRAWN FROM THE LICENSEE TWO BLOOD SAMPLES, ONE FOR THE STATE'S USE AND ONE FOR THE LICENSEE'S USE. THE LICENSEE ADVISED THE OFFICER THAT HE, THE LICENSEE, DID NOT WANT TO HAVE THE ADDITIONAL SAMPLE SEALED. FAILURE TO SEAL THE ADDITIONAL SAMPLE PRECLUDED ITS FURTHER USE. AT TRIAL AND ON APPEAL IT WAS ARGUED BY THE LICENSEE THAT THE STATE'S TEST WAS INADMISSIBLE BECAUSE OF THE IMPOSSIBILITY OF TESTING THE ADDITIONAL SAMPLE. SAID THE COURT, ". . . THE FAILURE OR INABILITY TO OBTAIN AN ADDITIONAL TEST BY A PERSON SHALL NOT PRECLUDE THE ADMISSION OF THE TEST OR TESTS TAKEN AT THE DIRECTION OF THE OFFICER."
SINCE EDWARDS HAS NO SATISFACTORY CONCLUSION, RESEARCH WOULD INDICATE THAT FOY AND TATE PROVIDE THE BEST RECITAL OF THE PRESENT STATUS OF THE LAW IN THIS AREA.
IN REFERENCE TO YOUR QUESTION, A REVIEW OF THE PERTINENT LANGUAGE OF SECTION 47 O.S. 751 ET SEQ. SHOWS THAT THE ONLY DECISION TO BE MADE BY THE LICENSEE AT THE TIME OF THE TEST IS WHETHER OR NOT TO SUBMIT TO THE STATE'S TEST. THE LICENSEE HAS NO CONTROL OVER HOW THE TEST IS ADMINISTERED, SAVE FOR THE INSTANCE WHEREIN THE LICENSEE IS UNABLE TO SUBMIT TO A BREATH TEST AND THE ARRESTING OFFICER DETERMINES TO REQUIRE A BLOOD TEST INSTEAD. THE STATUTE PROVIDES A CLEAR GUIDELINE OF THE PROCEDURE THE OFFICER IS REQUIRED TO FOLLOW IN ORDER TO OBTAIN A PROPER TEST. SECTION 47 O.S. 752 OF THE STATUTE CLEARLY STATES THAT THE FAILURE OR INABILITY OF A LICENSEE TO OBTAIN AN ADDITIONAL TEST SHALL NOT RENDER THE STATE'S TEST INADMISSIBLE.
IN STATUTORY INTERPRETATION, OF COURSE, IT IS NECESSARY TO GIVE EFFECT TO THE LEGISLATIVE INTENT OF THE STATUTE. CC TILE AND CARPET CO. INC. V. ADAY, 697 P.2D 175 (OKL. APP. 1985). FURTHER, THE PLAIN MEANINGS OF WORDS MUST BE USED UNLESS OTHERWISE DEFINED. 25 O.S. 1 (1981), LOFFLAND BROTHERS EQUIPMENT V. WHITE, 689 P.2D 311 (OKL. 1984). ADDITIONALLY, TIME AND AGAIN OKLAHOMA COURTS HAVE HELD THAT EVERY PERSON IS PRESUMED TO KNOW THE LAW. TOWN OF RED FORK V. GANTT-BAKER, 266 P. 444, 130 OKL. 175 (OKL. 1928). THIS IS ESPECIALLY TRUE FOR PEOPLE WHO TAKE PART IN ACTIVITIES WHICH ARE SUBJECT TO STATUTORY REGULATION. FOURTH NATIONAL BANK V. BOARD OF COMMISSIONERS OF CRAIG COUNTY, 95 P.2D 878, 186 OKL. 102 OKL. 1939). SEE ALSO ASHLAND OIL INC. V. CORPORATION COMMISSION, 95 P.2D 423 (OKL. 1979). THUS, IT IS REASONABLE TO PRESUME, AND, IN FACT, TO PLACE UPON THE LICENSEE, THE RESPONSIBILITY TO KNOW THAT AN ADDITIONAL TEST MAY BE OBTAINED.
FURTHERMORE, OKLAHOMA CASE LAW HAS LONG HELD THAT DRIVING IN OKLAHOMA IS A PRIVILEGE, NOT A RIGHT, AND IS THUS SUBJECT TO STATE REGULATION. PRICE V. REED, 725 P.2D 1254 (OKL. 1986). THE IMPLIED CONSENT LAW DOES NOT SPECIFY THAT ANY TEST REQUEST BE GIVEN. THE CURRENT ONE IS USED SO AS TO COMPLY WITH DUE PROCESS OF THE UNITED STATES CONSTITUTION.
WITH THIS IN MIND, IT APPEARS THAT THE PRESENT IMPLIED CONSENT TEST REQUEST ADEQUATELY INFORMS A LICENSEE OF THE AVAILABILITY OF AN ADDITIONAL TEST IN LIGHT OF THE FACT THAT AN ADDITIONAL QUANTITY OF BREATH OR BLOOD MUST BE TAKEN BY THE TESTING AGENCY AND MUST BE STORED FOR ENOUGH TIME TO ALLOW THE LICENSEE TO REQUEST THAT THE ADDITIONAL SAMPLE BE TESTED.
THEREFORE, IT IS MY OPINION THAT THE PRESENT IMPLIED CONSENT TEST REQUEST IS A VALID REQUEST IN THAT IT ADVISES THE LICENSEE OF THE AVAILABILITY OF THE ADDITIONAL TEST.
(JAMES ROBERT JOHNSON)